WILLARD N. BELDEN and Others, Substituted Plaintiffs in Place of DUANE E. BELDEN, Deceased, Respondents, *v.* CITY OF NIAGARA FALLS, NEW YORK, Appellant.*

Fourth Department, November 12, 1930.

*George W. Knox*, for the appellant.

*Percival M. White* [*Hiram H. Bacon* of counsel], for the respondents.

SEARS, P. J. For several years previous to the 14th day of April, 1926, Duane E. Belden was the owner of a large tract of land in the incorporated village of LaSalle, Niagara county, N. Y. He had caused this tract to be plotted into building lots and streets, and had sold certain lots from said tract. Maps showing the streets and lots had been filed in the Niagara county clerk's office. The maps so filed designated certain streets as Lynch, Duane, Hopkins, Norman and Belden avenues. On the date above mentioned, Duane E. Belden and his wife, for a valuable consideration, conveyed to the village of LaSalle the premises within

* Revg. 136 Misc. 406.

the street lines of the streets thus shown on the maps. The deed set out that the property conveyed included all the streets and lands used for street purposes then owned by Duane E. Belden and Ellen G. Belden, his wife, which were shown on the maps filed in the Niagara county clerk's office already referred to. In the deed immediately following the description occurs this sentence: " It is hereby understood and agreed that Lynch, Duane, Hopkins, Norman and Belden avenues shall not be renamed." In 1927, pursuant to the provisions of chapter 530 of the laws of that year, the village of LaSalle became a part of the city of Niagara Falls, and the rights and obligations of the village of LaSalle, by the terms of the statute mentioned, became the rights and obligations of the city of Niagara Falls. The city of Niagara Falls has attempted to change the names of Lynch, Duane, Hopkins, Norman and Belden avenues so that they should be designated by numbers. Duane E. Belden, one of the grantors in the deed above mentioned, brought this action to restrain such change of name. Pending the action, he died, and the present plaintiffs, his devisees, have been substituted in his place. The city has attempted to change the names to numbers in conformity with a plan in general force in the city. A judgment has been entered restraining the defendant and its officers and agents from continuing to designate the streets referred to in the deed by numbers, and enjoining a violation of the covenant against renaming.

The provision in the deed against the renaming of the streets is not a condition, but a covenant on the part of the grantee. (*Graves* v. *Deterling*, 120 N. Y. 447.) It has been so treated by the learned official referee who tried the case below.

The subject-matter of the covenant, that is, the naming of streets, falls within a corporate power of the village specifically delegated to it by the Legislature. The Village Law (as it stood when the Belden deed was given), in enumerating the powers of the board of trustees of a village, included this power: " May give names to the streets and public places, and numbers to the lots or buildings, in the village." (Village Law [Laws of 1909, chap. 64], § 89, subd. 10.) This provision was amended by chapter 650 of the Laws of 1927 (effective July 1, 1927) to read as follows: " May give names to the streets, and change the names thereof and public places, and numbers to the lots or buildings in the village." The Second Class Cities Law, applicable to the city of Niagara Falls, gives a similar power, by implication, to the council of the city. (See Niagara Falls Charter [Laws of 1916, chap. 530], § 56.) The provision is: " The common council shall not alter the name of any street except by ordinance. No ordinance altering

the name of any street shall be passed by the common council until such ordinance shall have been published at least once in each of two successive weeks in the official paper or papers." (Second Class Cities Law [Laws of 1909, chap. 55], § 99, as amd. by Laws of 1919, chap. 167.)

The subject dealt with in the covenant contained in the deed is thus within the legislative powers of the municipality. (*Bacon* v. *Miller*, 247 N. Y. 311.) Judge CRANE, writing in that case, said: " The power to change the name of streets is akin to the power vested in the boards of aldermen and common councils to change the grade of streets or to close them altogether." In the absence of express authority from the Legislature, municipalities may not make contracts limiting the exercise of such governmental functions. (*City of New York* v. *Second Ave. R. R. Co.*, 32 N. Y. 261; *Schwab* v. *Graves*, 221 App. Div. 357; Dillon Mun. Corp. [5th ed.] § 245.) Even permission given to contract on such subjects will be strictly construed. (*Richmond County Gas Light Co.* v. *Middletown*, 59 N. Y. 228.) The police power is not subject to limitation by private contract. (*Beer Co.* v. *Massachusetts*, 97 U. S. 25; *People ex rel. N. Y. Electric Lines Co.* v. *Ellison*, 188 N. Y. 523; *Northern Pacific Railway* v. *Duluth*, 208 U. S. 583.) No legislative authority for the making of the covenant is pointed to by the plaintiffs, nor have we found any. The conclusion necessarily follows that the covenant was beyond the power of the village of LaSalle and cannot be enforced.

The claim of the plaintiffs rests solely upon the *ultra vires* covenant. We are, therefore, not concerned with the regularity or irregularity of the action of the council of the city of Niagara Falls under section 99 of the Second Class Cities Law in passing the ordinance providing for the change of names. Neither are we called upon to consider the interesting question whether the benefit of such a covenant as this, if within the power of the municipality, would run with the land, or whether the covenantee alone could demand its enforcement, or what, if any, remedy the personal representatives or heirs or devisees of the grantors may have in consequence of the absence of power on the part of the village and its board of trustees to bind the village by such a covenant.

The judgment should be reversed on the law, with costs, and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.