JAMES P. WELLS, Respondent, *v.* VILLAGE OF EAST AURORA, Appellant.

Fourth Department, October 11, 1932.

*Myron M. Ludlow, Jr.* [*Elijah W. Holt* of counsel], for the appellant.

*Walter A. Kendall,* for the respondent.

PER CURIAM. The breach of the contract for which the plaintiff seeks damages is the " neglect and refusal " of the defendant village to submit to the village taxpayers a proposal for a gravity water system according to the terms of a contract between the parties. The Village Law by section 221 (as amd. by Laws of 1927, chap. 650) provides that the board of trustees of any village may by resolution adopted at a regular meeting determine upon a system of water works for supplying the village and its inhabitants with water and further provides that such action shall be subject to a permissive referendum. This contract attempts to bind the trustees to such action. The power lodged in the trustees by section 221 is for the public benefit, legislative in character. Its exercise cannot be the subject of contract in the absence of express statutory authority. (*Belden* v. *City of Niagara Falls*, 230 App. Div. 601; *Parfitt* v. *Furguson*, 159 N. Y. 111, affg. 3 App. Div. 176.) There exists no such statutory authority. The clause of the contract, the breach of which is the basis of this action, is, therefore, invalid and the complaint is insufficient. It is to be noted that this is not an action to recover for services rendered. Were such the cause of action, the complaint would be deficient because among other things it

fails to plead the filing of a claim as required by section 89, subdivision 21, of the Village Law (as amd. by Laws of 1928, chap. 418).

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted dismissing the complaint, with ten dollars costs.