PENATAQUIT ASSOCIATION, INC., et al., Appellants, v. VERN L. FURMAN et al., Defendants, and BAYSLIP REALTY CORP., Respondent.— In an action by an association of neighboring property owners and by several of the property owners themselves for a judgment to declare unconstitutional and void a change of zone from residence to business granted by the town board of the Town of Islip, Suffolk County, with respect to property owned by respondent, plaintiffs appeal from an order and judgment (one paper) granting respondent's motion for summary judgment. Order and judgment (one paper) unanimously affirmed, with $10 costs and disbursements. The change of zone from residence to business was the exercise of a legislative function. (*Green Point Sav. Bank* v. *Zoning Appeals Bd.*, 281 N. Y. 534; *McCabe* v. *City of New York*, 281 N. Y. 349, 353.) The judgment and determination of the local legislative body with respect to zoning is conclusive and beyond interference by the courts, unless shown to be arbitrary, and the burden of showing such arbitrariness is upon him who asserts it. (*Rodgers* v. *Village of Tarrytown*, 302 N. Y. 115, 121.) If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control. (*Shepard* v. *Village of Skaneateles*, 300 N. Y. 115, 118.) Therefore, if there is any basis which justified the granting of the change of zone, plaintiffs have not sustained the burden of showing arbitrariness. In our opinion, from the facts that the new industrial plant is being built only 1,000 feet away, with 2,000 employees; that two of the four corners of the intersection involved have been zoned for business and the third corner is actually occupied by a nonconforming business use, it appears that there was a basis for the exercise of the legislative judgment in favor of the granting of the change of zone. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ.