RUTH PADAWER, an Infant, by HILDA PADAWER, Her Guardian ad Litem, et al., Appellants, v. FRIEDA ZINBERG, Respondent.— In an action to recover damages for personal injuries sustained by the infant plaintiff and by her father for medical expenses and loss of services, plaintiffs appeal from an order denying their motion (a) to vacate a prior order which deferred the trial to September 17, 1956, and (b) to restore the action to its normal place on the General Jury Calendar. Order reversed, without costs, and motion granted, without costs. The record discloses facts that appeared subsequent to the making of the order of deferment which, in the interests of justice, require restoration of the cause to the General Calendar. (Kings County Supreme Court Rules, rule 2, subd. [bb], par. [6].) Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.

■

PENATAQUIT ASSOCIATION, INC., et al., Appellants, v. VERN L. FURMAN et al., Defendants, and MABEL D. SANDS, Formerly Known as MABEL D. ISAACSON, Respondent.— In an action by an association of neighboring property owners and by several of the property owners themselves for a judgment to declare unconstitutional and void a change of zone from residence to business granted by the town board of the town of Islip, Suffolk County, with respect to property owned by respondent Sands, plaintiffs appeal from an order granting said respondent's motion for summary judgment, and from the judgment entered thereon. Order and judgment unanimously affirmed, with $10 costs and disbursements. (*Penataquit Assn.* v. *Furman,* 283 App. Div. 875.) Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN J. DOYLE, JR., Appellant.— Judgment of the County Court, Kings County, convicting appellant of the crime of perjury in the first degree, reversed on the facts, and new trial granted in the interests of justice. The assistant district attorney in summation departed from his usual practice of arguing on the facts and, undoubtedly without intending to arouse prejudice in the minds of the jury against the appellant, made statements which could hardly have failed to create such prejudice and lead the jury from an unbiased consideration of the main issue and of the testimony as to appellant's prior good reputation. Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.