Yak Yoorhis, J.
Sections 190-194 of the Town Law and section 222.0 of the Nassau County Civil Divisions Act authorize enlargement by town boards of the boundaries of park districts and other public districts. Section 198 (subd. 4) of the Town Law empowers town boards to sell any property acquired for park purposes and to apply the proceeds to the purchase of other property for park purposes, and allows town boards to fix reasonable charges for the use of parks by persons other than inhabitants and taxpayers of such districts. The issue on this appeal concerns whether the Town Board of the Town of Hempstead is deprived of these powers by negative covenants, exclusive easements or restrictions contained in a dedication deed of land for park purposes accepted by the town in 1951.
Plaintiff Atlantic Beach Property Owners’ Association, Inc. (hereafter called the Association) and its grantor in 1941* executed and recorded what is termed a declaration, setting aside nine parcels of land abutting on the ocean at Atlantic Beach in the town of Hempstead, Long Island as “ beach areas ” for the exclusive use of residents of lots designated upon a map of a subdivision developed by the Association’s grantor. This was a private transaction between private individuals and corporations. In 1951 the Association deeded these beach areas to the Town of Hempstead for park purposes, but subject to covenant by the town not to permit use of the park by any persons except owners or resident tenants of lots in the Atlantic Beach tract, their families or guests. A town park district was organized as a public district under article 12 of the Town Law. Several years later a new subdivision was developed by others known as Inlet Estates alongside of this park district upon the east. The lot owners of Inlet Estates did not object to helping to pay necessary charges for the park district, but they wanted to get into it upon any reasonable terms, consequently they circulated a petition for the annexation of Inlet Estates to the Atlantic Beach Park District which was ordered, pursuant to statute, by a resolution of the town board admitting Inlet Estates into this park district on June 9, 1953. The Association and some of the owners of lots within the Atlantic Beach subdivision object to the extension of this park district so as to annex any land which was not part of the Atlantic Beach *437 tract. The town board takes the position that the owners of lots in Inlet Estates are citizens and property owners in the town of Hempstead, entitled to the equal protection of the laws along with the Association and owners of lots in the Atlantic Beach tract. They contend that the Town Law and the Nassau County Civil Divisions Act contemplate that growing communities like the Town of Hempstead will not remain static, and that in the wisdom of the Legislature the town board has been empowered to extend and enlarge park districts which is its duty if the occasion requires. It is argued that the town board is a public body organized for the government of the town and the securing of the common interests of the people of Hemp-stead and of the public. These are public officers and their statutory powers, it is contended, cannot be abrogated or curtailed by private agreement. Consequently it is asserted that the restrictive covenants contained in the deed by the Association to the town purporting to limit these beach areas for the use of people in the Atlantic Beach tract are ineffective to limit the power of the town board to extend the park district in the interest of the whole community.
The situation thus disclosed resolves itself into several components: by private covenant in the declaration executed and recorded in 1941, these beach areas were limited to use by lot owners in the original tract, their families and guests, after which the Association appears to have been powerless to devote them to other uses without their consent. This declaration was in the nature of a restrictive covenant or a grant of exclusive easements running with the land. Having entered into this private agreement with its predecessor in title and the lot owners, the Association could not deed these beach areas to the town except subject to these exclusive easements or restrictive covenants. The dedication deed delivered by the Association to the Town of Hempstead in 1951, by assuming to- impose parallel restrictions, probably amounted to a conveyance of these areas subject to the declaration made by the Association in 1941 provided that the town could legally accept the lands on those terms. The town had constructive notice of the declaration from its having been recorded. We entertain little doubt that whatever private rights became vested in lot owners in the Atlantic Beach tract by this declaration could have been enforced and perhaps may *438 yet be enforced against the town and against owners of lots in the new subdivision known as Inlet Estates. Neither the Association nor the town board could absolve these beach areas from private restrictions to which they were subject except by the lot owners’ consents or by condemnation of their exclusive easements to the use of the areas.
The difficulty with plaintiffs’ position in this action, as it seems to us, is that the injunctive relief asked and granted is not based on private easements reserved for the benefit of lots in the Atlantic Beach tract by the declaration of 1941. That declaration is not mentioned in the complaint nor in the opinion of the trial court. The relief granted is solely against the Town of Hempstead and is based entirely upon the theory that the covenants contained in the dedication deed by the Association to the town in 1951 require the town board to maintain these beach areas in perpetuity as a public park district for the benefit of lot owners in the Atlantic Beach tract and of them alone. It may be that without extinguishing these private easements to exclusive use of the beach areas the town board lacked power to form this park district in the beginning, or that by extending it in derogation of their rights these property owners became entitled to damages or to be otherwise compensated for the appropriation of their property rights. The town board could not legally have accepted land for park purposes on condition that the board renounce powers and duties which the Legislature has conferred upon town boards in the creation, enlargement or administration of town park districts. Agreements by which the public powers of a municipality are surrendered without express permission of the Legislature are beyond the powers of the municipality and void (10 McQuillin on Municipal Corporations [3d ed.], § 29.07, p. 190 et seq.; Parfitt v. Ferguson, 159 N. Y. 111; Wells v. Village of East Aurora, 236 App. Div. 474; Belden v. City of Niagara Falls, 230 App. Div. 601; Witmer v. City of Jamestown, 125 App. Div. 43). This town board could not divest itself of powers which the Legislature has deemed advisable to adapt park districts to the needs of growing communities. Unless power to enlarge such a district had been included in these statutes the Legislature might have seen fit to withhold power to form park districts, rather than to grant it in such manner as to enable public parks to be limited by agreement to the use of particular private individuals.
*439 Plaintiffs do not allege any unlawful exercise of power by the town board in establishing the park district in the beginning due to these clauses in the private declaration instrument of 1941 imposing restrictions running with the land which may have been inconsistent with the acceptance of the property by the town board for a park district at the outset; plaintiffs in their complaint assert no right, title or interest in the land, but on the contrary want these areas to be used as a public park district with whatever benefits accrue from town maintenance, but they wish this to be done exclusively for themselves and others in the Atlantic Beach tract to the exclusion of property in other tracts or of other members of the public for whose benefit the town board is authorized, in its discretion, to extend the park or the park facilities under statutes in such case made and provided.
The relief granted by the judgment appealed from consists, to be sure, in restraining the Town of Hempstead from permitting the use of these beach areas by persons other than the owners or resident tenants of land within the Atlantic Beach tract, but the opinion of Special Term and the factual allegations in the complaint as well as the stipulation of facts on which the action was tried demonstrate that the town is not restrained as a trespasser, or by reason of any right or easement in the land arising from the declaration document, but that the effect is to grant mandatory relief to compel the town board to administer these areas as a public park for plaintiffs’ private benefit and to the exclusion of all others who are entitled to participate under the subsequent action of the town board in admitting Inlet Estates pursuant to power conferred by the Town Law and the Nassau County Civil Divisions Act.
To be sure, the basis for Special Term’s decision, affirmed without opinion by the Appellate Division, is section 64 (subd. 8) of the Town Law, which provides: “ Gifts to town. May take by gift, grant, bequest or devise and hold real and personal property absolutely or in trust for parks or gardens, or for the erection of statues, monuments, buildings or structures, or for any public use, upon such terms or conditions as may be prescribed by the grantor or donor and accepted by said town, and provide for the proper administration of the same.”
Grants of land to a town for parks, buildings or structures, or for any other public use are put on a parity. Land may be *440 limited in dedication deeds to use for streets, parks, athletic fields or the like. Buildings may be dedicated for art galleries, sports or civic center purposes. But the use must be public, and a use is not public where public benefit is incidental to a private benefit (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451, 458, per Froessel, J.). Under section 64 (subd. 8) of the Town Law, for example, a dedication deed of land to a town could limit its use to street purposes, but could not have a condition attached that the street shall be used only by inhabitants of a designated tract or subdivision (People v. Grant, 306 N. Y. 258).
It is possible that plaintiff Association and the lot owners in the Atlantic Beach tract might obtain an injunction preventing the use of these beach areas for park purposes unless the Town of Hempstead perfects its title by condemning or otherwise acquiring the exclusive easements which vested in the lot owners by the declaration instrument recorded in 1941. We are not required to pass upon that issue on this appeal. Here plaintiffs have obtained what is, in effect, a mandatory injunction compelling the town board to operate these areas as a public park for the benefit of these lot owners alone, being forever prohibited from exercising the statutory power of enlarging the boundaries of the park district or admitting others to the use of the park on a suitable financial basis.
We do not pass upon whether the owners of lots in the Atlantic Beach tract are entitled to damages or compensation in some form for the appropriation of whatever exclusive private easements they acquired under the declaration of 1941, nor on any question of reversion due to possible breach of condition by the town in enlarging the district. We hold merely that the power to extend the park district conferred on the town board by sections 190-194 of the Town Law and section 222.0 of the Nassau County Civil Divisions Act cannot be and is not abrogated or curtailed by the covenants or conditions contained in the dedication deed by the Association to the town in 1951.
The judgment should be reversed with costs, and the complaint dismissed without prejudice to any rights which plaintiffs may have to damages or other compensation by reason of the appropriation of easements or other property rights inhering in them under the declaration of 1941 (Ex. 2) or to any other and different relief to which they may be entitled.

 In 1942 a similar “ declaration ” was made respecting certain “ bay areas ” which are not at issue in this action.