■ JOHN CHURCH et al., Respondents, v. TOWN OF ISLIP et al., Appellants. — Action to declare unconstitutional and void an amendment to the Zoning Ordinance of the Town of Islip, Suffolk County, under which the zoning district of the subject parcel of land was changed from residence " A " to business. The resolution adopting the amendment also provides that the change is conditioned upon the executing and recording of a deed subjecting the land to limited areas of building occupation and an agreement that a fence be erected and a hedge be planted. The appeal is from a judgment entered after trial before an Official Referee which declares the amendment unconstitutional and void and enjoins the use of the land for purposes other than those permitted in a residence " A " district. The Referee found the amendment to be the result of (1) illegal " spot zoning ", not part of any comprehensive plan of orderly zoning but based upon a capricious and arbitrary determination, and (2) illegal " zoning by contract ". Judgment reversed on the law and the facts, without costs, and judgment directed declaring the amendment herein to be constitutional and valid. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The Referee's finding that no public need or convenience has been indicated is contrary to the evidence, and in any event the Town Board's finding thereon is conclusive, inasmuch as a factual basis existed to support the finding. (*Shepard* v. *Village of Skaneateles,* 300 N. Y. 115.) The evidence shows that the Town Board considered that the subject parcel is located on a main traffic artery, that the community is growing, and that the pressures of growth are forcing changes in the zoning districts. In view of that and other evidence, it may not be held that the Town Board's determination was arbitrary and without support in reason. We find no illegality in the fact that the Town Board conditioned the use of the new district upon the subjecting of the land to a more restricted use than is permitted in a business district. We are aware of the principles set forth in the article entitled " Zoning by Contract With Property Owner " by Ralph W. Crolly and C. McKim Norton (N. Y. L. J., April 6, 1955, p. 4). However, we take notice of the fact that the population and development of Nassau and Suffolk Counties have increased enormously in recent years and that such growth is continuing. We take notice also of

the consequent multiplication of practical problems presented to local legislative bodies by a deluge of applications for zoning district changes which are prompted by the necessities of such growth, and in this case the evidence accords with such judicial notice. It is understandable that in the public interest and in the interest of practical expediency the practice of granting zoning changes and conditioning their uses by means of privately imposed restrictive covenants has seemingly become widespread. (*Point Lookout Civic Assn.* v. *Town of Hempstead,* 8 A D 824; *Penataquit Assn.* v. *Furman,* 284 App. Div. 990; *Schmitt* v. *Town of Oyster Bay,* 5 A D 2d 994, motion for leave to appeal denied 6 A D 2d 794.) We are not of opinion that such practice is contrary to the spirit of zoning ordinances and is beyond the statutory powers of local legislative bodies. Wenzel, Murphy, Ughetta and Hallinan, JJ., concur; Nolan, P. J., dissents and votes to affirm, with the following memorandum: The Town Board had the power to modify or change the zoning regulations and restrictions, and the boundaries of the districts theretofore established and could establish new districts (Town Law, §§ 262–265). However, such changes could be made only according to a comprehensive plan, after public hearings, and all regulations for each class of buildings were required to be uniform, in each district (Town Law, §§ 262, 263). In changing the zoning of the subject property, the Town Board did not decide that the property should be included in a business district as part of a comprehensive zoning plan but determined that it could be devoted to business use only if such use of the property should be restricted in accordance with conditions which they required the owners of the property to agree to, in consideration of the change of zone. The Town Board had no such power. The power to enact zoning regulations is legislative in character and is required to be exercised in the public interest. It cannot be the subject of contract in the absence of express legislative authority (*Wells* v. *Village of East Aurora,* 236 App. Div. 474; *Belden* v. *City of Niagara Falls,* 230 App. Div. 601; *Schwab* v. *Graves,* 221 App. Div. 357; *Atlantic Beach Assn.* v. *Town of Hempstead,* 3 N Y 2d 434). In any event, the conditions imposed by the Town Board which contemplated valid enforcible restrictions on the use of the subject property have not been complied with. Either the restrictive covenants were made in consideration of the change of zone, or they were not. If they were so made, they are unenforcible (*Houston Petroleum Co.* v. *Automotive Prods. Credit Assn.,* 9 N. J. 122; *Zahodiakin Eng. Corp.* v. *Zoning Bd. of Adjustment,* 8 N. J. 386; *Baylis* v. *City of Baltimore,* 148 A. 2d 429), and appellants so concede. If they were not made in consideration of the change of zone, they are not supported by any consideration. [6 Misc 2d 810.]