OPINION OF THE COURT
John S. Lockman, J.
Motion by plaintiff for an order pursuant to CPLR 3211 (b) dismissing the defendant Town of North Hempstead’s second affirmative defense is denied.
Plaintiff Hartford Insurance Group alleges in its complaint that the defendant Town of North Hempstead (Town) is indebted to it in the sum of $51,863.55 pursuant to an insurance contract according to the terms of which there was a $10,000 deductible for each claim and the insurance carrier was authorized to settle claims within the deductible amounts without prior authorization from the Town. Plaintiff further alleges that under the terms of the contract, upon presentation of proof that a claim had been paid in less than the deductible amount, defendant was obligated to promptly reimburse plaintiff. Apparently, defendant’s first answer, in addition to a general denial, asserted that the Statute of Limitations had expired. By motion returnable March 29, 1984, defendant applied for leave to interpose an amended answer containing as a defense the claim that the delegation to plaintiff of the power to settle claims in amounts under $10,000 violated Town Law § 68 rendering the agreement void. Justice Wager granted leave to amend by short-form order dated May 3, 1984. Plaintiff now moves to dismiss the new defense asserted in the amended answer.
*73 The standard to be applied in determining whether leave to amend should be granted is that leave should be freely granted unless the proposed pleading is “clearly and patently insufficient on its face”. (De Forte v Allstate Ins. Co., 66 AD2d 1028; Goldstein v Brogan Cadillac Oldsmobile Corp., 90 AD2d 512, 514.) Accordingly, Justice Wager’s granting of leave to amend does not preclude this court’s entertaining a motion to dismiss.
Town Law § 68 confers upon the town board the power to compromise or settle claims against the town where, as with the Town of North Hempstead, the municipality’s population exceeds 200,000 (Town Law § 68 [4]). Plaintiff has alerted the court to no provision authorizing the town board to delegate that power. It asserts that an insurance contract takes precedence over this grant of legislative power by the State to the local municipal legislature. In fact, such legislative power cannot be delegated by contract to a private person or public corporation absent express statutory authority. (Wells v Village of E. Aurora, 236 App Div 474; see, Parfitt v Ferguson, 159 NY 111.) A contract which purports to effectuate such an unauthorized delegation of legislative power is void. (Atlantic Beach Prop. Owners’ Assn. v Town of Hempstead, 3 NY2d 434, 438; 10 McQuillan, Municipal Corporations § 29.07.)