■ HARTFORD INSURANCE GROUP, Appellant, v TOWN OF NORTH HEMPSTEAD, Respondent.—In an action on an account stated, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated December 20, 1984, which denied its motion pursuant to CPLR 3211 (b) to dismiss the defendant's second affirmative defense.

Order affirmed, with costs.

Town Law § 68 confers upon a town board of a town the power to compromise or settle claims against the town, and nowhere provides for a delegation of that power. The liability insurance policies entered into between the plaintiff Hartford Insurance Group (Hartford) and the defendant Town of North Hempstead authorized Hartford to settle claims and to receive reimbursement for these settlements up to the $10,000 deductible limit contained in the policies. Since power conferred upon a municipality by the Legislature cannot be delegated by contract to a private person without express statutory authority, and any contract provision that purports to effect such a delegation is ultra vires and thereby void, the reimbursement provisions of the policies sued upon are unenforceable (see, Atlantic Beach Prop. Owners' Assn. v Town of Hempstead, 3 NY2d 434, 438; Wells v Village of E. Aurora, 236 App Div 474).

Hartford contends that the town should nonetheless be estopped from pleading the affirmative defense based on Town Law § 68 since the effect of this defense purportedly would be

to disavow a course of dealing dating back over 10 years. The record contains no evidence, however, that the town ever reimbursed Hartford for claims settled under the policy. Moreover, it is well settled that estoppel does not operate against a municipality or the public officials thereof for acts within their governmental capacity *(see, Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 33; *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 94; *King v City of Newburgh,* 84 AD2d 388, 394). Rather, a party that contracts with the State or one of its political subdivisions "is chargeable with knowledge of the statutes which regulate its contracting powers and is bound by them"; the governmental body's "acceptance of benefits furnished under a contract made without authority does not estop it from challenging the validity of the contract or from denying liability pursuant to it" *(Parsa v State of New York,* 64 NY2d 143, 147). The town's argument that Hartford was required to submit proposed claim settlements to the Town Board for approval comports with the policy behind this rule of protecting the public from governmental misconduct or improvidence *(see, Parsa v State of New York, supra,* at p 147).

Hartford's argument that estoppel should nonetheless apply because the town acted in its proprietary capacity in entering into the insurance policy is unconvincing. Obtaining liability coverage is essential to the control of municipal finances and is thus more accurately classified as a governmental function.

In sum, the affirmative defense based on Town Law § 68 is a valid one and Special Term properly denied the plaintiff's motion to strike it from the defendant's answer. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur. [127 Misc 2d 72.]