[599 NYS2d 344]

LLEWELLYN J. RICE, Respondent, v CAYUGA-ONONDAGA
HEALTHCARE PLAN et al., Appellants.

Fourth Department, May 28, 1993

APPEARANCES OF COUNSEL

*Hancock & Estabrook,* Syracuse *(Janet Callahan* of counsel), for appellants.

*Meggesto & Badera,* Syracuse *(William Crossett* of counsel), for respondent.

## OPINION OF THE COURT

BOEHM, J.

In this case, we are called upon to determine whether a cooperative self-insurance plan, formed by several school districts pursuant to article 5-G of the General Municipal Law, is an independent legal entity amenable to suit. We conclude that it is not.

I

The facts in this declaratory judgment action are largely undisputed. In 1981, several school districts in the Cayuga-Onondaga BOCES region entered into a cooperative agreement, forming defendant Cayuga-Onondaga Area Schools Employees' Health Care Plan (Plan), "to jointly provide basic hospital, surgical, major medical and dental health care benefits to qualified employees of their school districts through a program of self-funding or the purchase of health benefits contracts". The agreement provided for the establishment of a Board of Directors to govern the Plan. The Board's duties included negotiating an agreement with a health care plan administrator to administer the Plan, auditing all claims for payments, establishing an annual budget, and collecting the annual assessment from each participating school district. Defendant North American Administrators (NA Administrators) has administered the Plan since 1985. The scope of coverage to be provided by the Plan was negotiated with the collective bargaining units for each school district. One of the participating school districts was the Jordan Elbridge Central School District (District), where plaintiff was a custodian and, as such, a "qualified employee".

In September 1986, plaintiff was diagnosed with end-stage

heart disease and declared totally disabled. He obtained permission to resign, effective November 1, 1986. On September 25, 1988, plaintiff underwent a heart transplant operation at Columbia Presbyterian Medical Center in New York City. Thereafter, he submitted claims to defendants, as a retired employee, for the costs of the transplant operation and the necessary follow-up prescriptions. Those claims were denied and plaintiff commenced this action for a judgment declaring his entitlement to coverage under the Plan. Among the defenses raised by defendants is that the Plan is not a proper party to the action. After some disclosure, defendants moved for summary judgment. Defendants' motion was improperly denied by Supreme Court.

## II

A municipal corporation, including a school district, has the authority to purchase health care insurance benefits for its employees (General Municipal Law § 92-a). "The power to insure implies the power to self-insure (Opns St Comp, 1980, No. 80-487, unreported; Opns St Comp, 1979, No. 79-471)" (1982 Opns St Comp No. 82-197, at 250; *see,* 1978 Opns St Comp No. 78-405, unreported, at 2). If a municipal corporation has the power to undertake a service, then it may join with other municipal corporations to undertake that service *(see,* General Municipal Law § 119-o; 1985 Opns St Comp No. 85-67, at 99; 1982 Opns St Comp No. 82-197, at 251; 1978 Opns St Comp No. 78-405, unreported, at 3; *see also,* NY Const, art VIII, § 1). Thus, it was lawful for the various school districts to join together to create the self-insured Plan.

The functions performed by the Plan, however, are limited. The limitations arise out of the nature of self-insurance. "Moneys set aside to fund a self-insurance plan * * * remain school district funds until claims have been paid. Hence, the various fiscal and auditing statutory requirements apply until that time" (1979 Opns St Comp No. 79-471, at 89). Thus, although the individual school district could lawfully enter into a formal arrangement for the purpose of administering the Plan, including the establishment of an office and the selection of an agency responsible for administration, the ultimate decision regarding payments from the self-insurance funds would remain with the individual school districts *(see,* 1985 Opns St Comp No. 85-67, at 100; 17 McQuillan, Municipal Corporations § 49.33, at 217 [3d ed rev]; *see also, Hartford Ins. Group v Town of N. Hempstead,* 127 Misc 2d 72, 73, *affd*

118 AD2d 542). The State Comptroller's analysis is instructive. "The [joint self-insurance] agreement * * * may not authorize [a] private firm to settle claims *(Hartford Insurance Group v Town of North Hempstead,* 127 Misc 2d 72, 485 NYS2d 436 [1984]) or to issue the checks for such settlements since each municipality must perform the statutory function of auditing and paying claims (see, *e.g.,* Town Law §§ 29 [3], 119; Village Law, §§ 4-408 [d], 5-524) and must maintain custody of municipal funds (see, *e.g.,* Town Law, § 29 [1], Village Law, § 4-408 [a])." (1985 Opns St Comp No. 85-67, at 100; *see also,* 1982 Opns St Comp No. 82-197, at 250). The payment of District funds pursuant to the Plan was a responsibility that the District alone could exercise and could not delegate to any other entity. Ultimately, it remained the obligation of each signatory school district to audit, determine and pay all claims arising under the Plan. The signatories were without authority to create a separate entity for that purpose.

The District was, therefore, the proper party against whom plaintiff should have brought this action. The Plan "[is] not a separate and distinct governmental entity but rather [is] an extension or part of each of the participants and subject to their control" (1985 Opns St Comp No. 85-67, at 100; *see,* 1978 Opns St Comp No. 78-405, unreported, at 4-5). Because the Plan is not a legal entity amenable to suit, plaintiff cannot maintain an action against it.

## III

The action must also be dismissed with respect to NA Administrators. A declaratory judgment action is appropriate only when there is a substantial legal controversy between the parties that may be resolved by a declaration of the parties' legal rights *(see,* CPLR 3001; *De Veau v Braisted,* 5 AD2d 603, *affd* 5 NY2d 236, *affd* 363 US 144; *see also, Board of Coop. Educ. Servs. v Goldin,* 38 AD2d 267, *lv denied* 30 NY2d 486). Because the District is not a party to the action, a judgment declaring that plaintiff is covered by the Plan would be of no practical value. NA Administrators can perform lawful administrative functions only. It has neither the fiscal nor the governmental authority to accept plaintiff's claims and to pay his benefits, a power that the District alone may exercise.

## IV

Accordingly, defendants' motion for summary judgment

should be granted and the complaint dismissed. In light of that disposition, it is unnecessary to reach the other contentions raised by defendants.

CALLAHAN, J. P., GREEN, LAWTON and DOERR, JJ., concur.

Order unanimously reversed, on the law, without costs, motion granted and complaint dismissed.