(May 3, 2001)

■ MORRIS BERKOWITZ, Plaintiff, v MILDRED NEUMAN et al., Defendants and Third-Party Plaintiffs-Appellants. AMERICAN GROUP ADMINISTRATORS, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [724 NYS2d 58] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered September 24, 1999, which, *inter alia*, denied defendants and third-party plaintiffs' motion for summary judgment seeking a declaration that the third-party defendants' termination and

denial of insurance coverage was invalid and granted summary judgment dismissing the third-party complaint, unanimously modified, on the law, to deny summary judgment in favor of third-party defendants Mount Vernon City School District, Mount Vernon District Employee Health Benefit Plan, Mount Vernon Public Schools' Group Health Insurance and Mount Vernon Board of Education, and, except as thus modified, affirmed, without costs or disbursements.

This is an action by plaintiff nursing home to recover amounts allegedly due for nursing home services rendered to defendant and third-party plaintiff Mildred Neuman, who, as a retired employee of the Mount Vernon City School District, was a beneficiary under the City of Mount Vernon District Employee Health Benefit Plan, which was administered by American Group Administrators (AGA) until about August 31, 1997. Thereafter, United HealthCare (United) became the insurance carrier for the Mount Vernon City School District. Under the plans administered by both AGA and United, Mildred Neuman was covered for treatment determined to be "medically necessary"; coverage for "custodial care" was excluded. After AGA, the Mount Vernon third-party defendants (hereinafter Mount Vernon) and United denied coverage for services rendered subsequent to August 31, 1996, the Neumans brought a third-party action against them for, *inter alia*, a declaratory judgment that their termination and denial of insurance coverage was invalid and moved for partial summary judgment seeking such a declaration. Third-party defendants AGA and United separately cross-moved for summary judgment against the Neumans. The Supreme Court denied the Neumans' motion and granted summary judgment in favor of all the third-party defendants. The court found the Neumans' medical proof deficient, since the physician who examined Mildred Neuman and found that she suffered from "severe medical conditions which require continued care and treatment by skilled medical care professionals" was admittedly unfamiliar with the specific criteria used under the applicable policies in determining when benefits are to be afforded. Rather, the court relied on the affidavit of United's physician, who had reviewed Mildred Neuman's medical records and was, the court noted, "familiar with the criteria established under the appropriate policies with regard to the awarding of benefits based upon continued medical necessity." The court also held that AGA was entitled to summary judgment dismissing the third-party complaint on the additional ground that it was not an insurer but rather a

plan administrator. We modify to deny summary judgment in favor of Mount Vernon.[1]

Mount Vernon maintains that Mildred Neuman's confinement in a nursing home was not medically necessary, i.e., that her condition did not require skilled nursing care, and that her stay at the nursing home was custodial in nature. Therefore, Mount Vernon argues, the Neumans are not entitled to payment for nursing home services. Dr. Michael Rosen, a Medical Director for United, who has reviewed Mildred Neuman's medical records and agrees with this assessment, stated, however, that her medical conditions (in approximately January 1998) require twice daily wound dressing changes for Stage IV decubitis and frequent Foley catheter changes.[2] Although Dr. Rosen recognized that both are skilled nursing services and are considered medically necessary, he maintained that such services can be performed by a visiting nurse and do not require confinement in a skilled nursing facility. But he does not state—nor does it seem likely—that the particular services Mildred Neuman required, services which must be performed at various times throughout the day, could be performed by visiting nurses. Further, while Dr. Rosen also stated that "it appears from the discharge summary that Mrs. Neuman has lost 100 pounds and * * * no longer requires either wound care treatment or Foley catheter care," the document he referred to does not support these conclusions, which, in any event, are contradicted by the physician who examined her approximately one month after the discharge summary was prepared. The record, while lengthy, is not sufficiently clear on these issues. Accordingly, since Mount Vernon has failed to demonstrate that Mildred Neuman's confinement in a skilled nursing facility was not medically necessary and that she received merely custodial care, the grant of summary judgment in its favor was erroneous.

Finally, we agree with the motion court's conclusion that since AGA was a plan administrator, not an insurer, it was entitled to summary judgment dismissing the third-party complaint. (See, Rice v Cayuga-Onondaga Healthcare Plan, 190 AD2d 330, 333.) The Neumans assert that AGA's role was more than that of an administrator, since, under the Mount Vernon District Employee Health Benefit Plan, AGA determined whether care is medically necessary. But even if AGA was

1. The appeal has been discontinued insofar as it relates to United.

2. Medical records indicate that Mildred Neuman required a catheter as early as 1994 and that, at least in January 1997, she required catheter care "every shift."

solely responsible for determining medical necessity and made a wrongful determination in this regard, payment of the claim would still be Mount Vernon's responsibility. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.