■ SNC, Ltd., Respondent-Appellant, v Kamine Engineering and Mechanical Contracting Co., Inc., et al., Appellants-Respondents. [655 NYS2d 47] —Order, Supreme Court, New York County (Walter Schackman, J.), entered August 9, 1996, which, *inter alia*, granted defendants' motions for summary judgment to the extent of dismissing plaintiff bidder's causes of action for breach of contract against the Owner defendants, except to the extent based on the Owner's duty to negotiate with plaintiff in good faith, and dismissing plaintiff's cause of action for tortious interference with contract against the Contractor defendants, except to the extent based on the Owner's duty to negotiate with plaintiff in good faith, unanimously affirmed, without costs.

There are issues of fact as to whether plaintiff and the Owner defendants reached a binding preliminary contract giving rise to a duty to negotiate in good faith, and, if so, whether the Owner defendants breached it (*see, Goodstein Constr. Corp. v City of New York*, 67 NY2d 990, *affg* 111 AD2d 49, 52; *Teachers Ins. & Annuity Assn. v Tribune Co.*, 670 F Supp 491, 498-499 [SD NY]). However, because of the preliminary nature of any agreement, plaintiff was required to demonstrate that its competitor, the Contractor defendants, used wrongful or unlawful means, or acted without competitive motive, in persuading the Owner defendants to abandon their negotiations with plaintiff (*see, Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 193-194; *Nassau Diagnostic Imaging & Radiation Oncology Assocs. v Winthrop-University Hosp.*, 197 AD2d 563, *lv denied* 83 NY2d 756). While plaintiff's proof in that regard was lacking, the Contractor defendants failed to meet their initial burden of going forward on the motion for summary judgment, which, on that basis, was properly denied (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). The motion by the Ansaldo defendants may be renewed upon completion of discovery, should they be so advised. We are in accord with the balance of the IAS Court's determination and find the parties' other arguments for affirmative relief to be without merit. Concur—Rosenberger, J. P., Rubin, Williams and Andrias, JJ.