■ FRANCISCA SRINIVASAN, Respondent, v CITY OF NEW YORK, Appellant. [715 NYS2d 328] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated October 25, 1999, as granted that branch of the plaintiff's motion which was to compel disclosure of a litigation file in an unrelated action, and denied that branch of its cross motion which was for a protective order regarding the litigation file.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting that branch of the plaintiff's motion which was to compel disclosure of the litigation file and denying that branch of the defendant's cross motion which was

for a protective order regarding the litigation file, and substituting therefor a provision holding those branches of the motion and cross motion in abeyance pending an in camera review of the litigation file by the court and a determination as to which parts thereof, if any, are privileged and which parts thereof, if any, shall be disclosed to the plaintiff; as so modified, the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for an in camera review of the file and a determination as to which parts thereof, if any, are privileged and which parts thereof, if any, shall be disclosed to the plaintiff.

The Supreme Court erred in directing the production of the litigation file without first conducting an in camera review. Although the defendant failed to challenge the plaintiff's request for production of the file within the time prescribed by CPLR 3122, the failure of a party to challenge the propriety of a notice for discovery and inspection pursuant to CPLR 3120 within the time prescribed by CPLR 3122 forecloses inquiry into the propriety of the information sought except with regard to material that is privileged pursuant to CPLR 3101 or requests that are palpably improper (see, Otto v Triangle Aviation Servs., 258 AD2d 448, 449; Holness v Chrysler Corp., 220 AD2d 721; Titleserv, Inc. v Zenobio, 210 AD2d 314, 315). Since the litigation file in question may well contain information covered by the attorney-client privilege, the Supreme Court should have conducted an in camera review of the file before ordering its production. Sullivan, J. P., Krausman, Goldstein and Schmidt, JJ., concur.