■ JRP OLD RIVERHEAD LTD., Appellant-Respondent, v TOWN OF SOUTHAMPTON, Respondent-Appellant, et al., Defendant. [844 NYS2d 132]—

In an action, inter alia, to recover damages for injury to property and for injunctive relief, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated May 1, 2006, as granted those branches of the motion of the defendant Town of Southampton which were, in effect, to vacate a stipulation of settlement dated July 27, 2005, and to vacate a judgment of the same court entered thereon on November 29, 2005, which was in favor of it and against the defendant Town of Southampton in the principal sum of $78,703.75, and the defendant Town of Southampton cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was, in effect, to vacate so much of a stipulation of settlement dated July 9, 2001, as obligated it to perform certain drainage remediation work for the plaintiff.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and a new determination with respect to the validity of the stipulation of settlement dated July 27, 2005, and the judgment entered thereon; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff owns residential real property in the Town of Southampton. The plaintiff commenced the instant action, alleging that the Town was liable for flood damage to the real property based, inter alia, on its negligent maintenance and repair of certain storm drains. On July 9, 2001 the attorneys representing the plaintiff and the Town placed a stipulation of settlement on the record in open court (hereinafter the 2001 stipulation) which required the Town to pay the plaintiff the sum of $8,500, retain an engineer at its sole cost or expense to

"determine what is needed to solve the drainage problem that exists," and to complete, by November 30, 2001, the work which the engineer determined was necessary. By the express terms of the 2001 stipulation, the Supreme Court retained jurisdiction to monitor the Town's compliance with the equitable portion of the 2001 stipulation.

The Town concedes that on August 28, 2001 the Town Board of the Town of Southampton (hereinafter the Town Board) authorized its attorney "to enter in to [sic]settlement and provide payment in the amount of $8,500" in this matter. The sum of $8,500 was paid to the plaintiff, and the plaintiff signed a general release, which the plaintiff's attorney delivered to the Town's attorney "in escrow pending fulfillment of the settlement terms." By check dated March 27, 2003, in the sum of $3,862.26 and a second check dated May 22, 2003, in the sum of $500, the plaintiff's costs in retaining an engineer to prepare a drainage plan were paid out of the "disbursements" account of the Town's attorney's law firm.

On July 31, 2003 the attorneys for the plaintiff and the Town entered into a second so-ordered stipulation (hereinafter the 2003 stipulation), which required the Town to complete drainage repairs by October 1, 2003, and in the event that the work was not completed by October 1, 2003, to pay the plaintiff "liquidated damages" in the sum of $150 per day until the work was completed. From October 2003 to May 2004 the plaintiff was paid the sum of $18,900 in liquidated damages from the "disbursements" account of the Town's attorney's law firm.

In the spring of 2004 an engineering firm, which the Town's attorney described as "outside consultants for the Town," prepared an alternative drainage plan. In August 2004, after the plaintiff's engineer found that the alternative plan was not acceptable, the plaintiff moved to hold the Town in contempt of both the 2001 stipulation and the 2003 stipulation. The motion papers were served upon both the Deputy Town Clerk and the Town's attorney in this matter. Moreover, in February 2005, while that motion was pending, there was an on-site conference between the plaintiff's engineer and an engineer from the Town's "outside consultants."

In an order dated April 21, 2005, the Supreme Court referred the contempt motion to a referee to hear and report. The referee scheduled a hearing for July 27, 2005. In connection with the hearing, on July 12, 2005 so-ordered subpoenas duces tecum were served upon the Commissioner of Public Works of the Town and the Town Clerk. The Town does not deny that these officials were served.

On July 27, 2005 the attorneys for the parties executed a third written stipulation (hereinafter the 2005 stipulation), which was so-ordered by the Supreme Court, pursuant to which the Town agreed to construct a recharge basin and to continue to pay the sum of $150 per day to the plaintiff in liquidated damages. That same day, in open court, the Town's attorney agreed that the Town would pay the plaintiff the sum of $76,350 in accrued liquidated damages within 90 days, and that judgment would be entered against it in that amount if it did not timely pay that amount to the plaintiff. The plaintiff agreed to forego the accrual of additional liquidated damages in the sum of $150 per day until January 27, 2006, when the work was supposed to be completed.

When the Town did not pay the plaintiff pursuant to the 2005 stipulation, the plaintiff, on notice, entered a judgment against the Town in the sum of $78,703.75. In January 2006, after the plaintiff attempted to enforce the judgment, the Town, now represented by a new attorney, moved to vacate the judgment and, in effect, to vacate the 2005 stipulation, the 2003 stipulation, and the 2001 stipulation, with the exception of the provision requiring the Town to pay the sum of $8,500 to the plaintiff. In support of its motion, the Town submitted an affirmation and an affidavit from its former attorney asserting that he entered into the 2003 stipulation and the 2005 stipulation without the Town Board's knowledge or approval, and entered into the "equitable portions of the 2001 settlement, pertaining to the remediation of the drainage issue," without the Town Board's knowledge or approval. The Town also presented the affidavit of the Deputy Town Clerk, which stated that on August 28, 2001 the Town Board authorized its former attorney in this matter "to enter in to [sic] settlement and provide payment in the amount of $8,500," but that "Town records indicate that the Town Board did not authorize any other settlements after August 28, 2001." No copies of Town Board resolutions or minutes of proceedings were submitted.

In the order appealed from, the Supreme Court vacated the judgment and the 2005 stipulation. The court further found that the 2001 stipulation was enforceable on the grounds that the Town failed to submit documentary evidence that the Town Board's approval of the 2001 stipulation was limited in scope, and that the Town's conduct ratified the 2001 stipulation. The plaintiff appeals from so much of the order as granted that branch of the Town's motion which was, in effect, to vacate the 2005 stipulation and the judgment entered thereon, and the Town cross-appeals from so much of the order as denied that

branch of its motion which was, in effect, to vacate the "equit-able portion" of the 2001 stipulation.

Town Law § 68 provides that a "town board" may compromise or settle an action commenced against a town with the approval of the court, upon a motion of an officer of the town designated by the town board, supported by the affidavit of such officer. As a general rule, settlements approved in open court which are not approved by a town board are not binding, and all parties, including the plaintiffs here, are charged with knowledge of the statute (*see Matter of Par Bldrs. v Assessor of Town of Orangetown*, 234 AD2d 374 [1996]; *Walentas v New York City Dept. of Ports,* 167 AD2d 211 [1990]; *Hartford Ins. Group v Town of N. Hempstead,* 118 AD2d 542 [1986]). However, a settlement which is not approved by the relevant municipal body may be ratified by the municipality by subsequent conduct, such as making payments pursuant to a settlement agreement (*see Della Rocco v City of Schenectady*, 278 AD2d 628 [2000]), or adopting a subsequent resolution that refers to the settlement agreement (*see Town of N. Hempstead v Winston & Strawn, LLP,* 28 AD3d 746, 748 [2006]). In addition, the doctrine of estoppel may be applied against a municipality in the case of extraordinary circumstances where the municipality acts wrongfully or negligently (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]).

The Town concedes that on August 28, 2001 the Town Board authorized its attorney in this matter "to enter into settlement and provide payment in the amount of $8,500." As of August 28, 2001, the "equitable portion" of the 2001 stipulation had already been placed on the record in open court. When the Town Board approved the settlement, it should have been aware of its terms. The Town concedes that the 2001 stipulation was referred to in a Town Board resolution approving the payment of the sum of $8,500. It is undisputed that the sum of $8,500 was paid, as were the costs of an engineering study. The conduct of the Town and its former attorney constitutes, at the very least, a ratification, as a matter of law, of each of the terms of the 2001 stipulation (*see Town of N. Hempstead v Winston & Strawn, LLP,* 28 AD3d at 748). Accordingly, the Supreme Court properly determined that the 2001 stipulation is valid and enforceable.

Thereafter, not only were $18,900 in liquidated damages payments made pursuant the 2003 stipulation, but the plaintiff's engineer met on site with an engineer purportedly hired by the Town in order to effectuate the terms of both the 2001 stipulation and the 2003 stipulation. Moreover, prior to the 2005 stipu-

lation, the Deputy Town Clerk was served with the motion to hold the Town in contempt and so-ordered subpoenas duces tecum were served upon the Commissioner of Public Works of the Town and the Town Clerk, thus providing the Town with further notice that the plaintiff intended to hold it to the terms of the 2003 stipulation. Consequently, there are disputed issues of fact as to whether the Town, by its conduct, ratified or is estopped from denying the validity of the 2003 stipulation, and the extension thereof in the 2005 stipulation.

In view of the foregoing, we remit the matter to the Supreme Court, Suffolk County, for a hearing and a new determination as to the validity of the 2005 stipulation and the judgment entered thereon. At that hearing the validity of the 2003 stipulation and the question of what Town officials knew and when they knew it must be explored to determine issues of ratification and estoppel.

The parties' remaining contentions are without merit or need not be addressed at this juncture. Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.