■ JRP OLD RIVERHEAD LTD., Appellant, v TOWN OF SOUTHAMPTON et al., Respondents. [902 NYS2d 603]—

In an action, inter alia, to recover damages for injury to property and for injunctive relief, the plaintiff appeals, as limited by

its brief, from stated portions of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated October 1, 2009, which, among other things, denied those branches of its motion which were to compel the defendants to comply with certain discovery demands.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provisions thereof denying those branches of the plaintiff's motion which were to compel the defendants to comply with discovery demands numbered 3, 4, 5 and 14, and substituting therefor provisions granting those branches of the motion, and (2) by deleting the provisions thereof denying those branches of the plaintiff's motion which were to compel the defendants to comply with discovery demands numbered 2, 7 and 8; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for an in camera inspection of documents responsive to those demands, and thereafter for a new determination of those branches of the plaintiff's motion which were to compel the defendants to comply with discovery demands numbered 2, 7 and 8.

The plaintiff alleges that the defendants Town of Southampton and the Superintendent of Highways (hereinafter together the Town) are liable for flood damage to its real property because of, among other things, the Town's negligent maintenance and repair of certain storm drains. In 2001 the Town and the plaintiff's attorneys placed a stipulation of settlement on the record in open court (hereinafter the 2001 stipulation), which required the Town, inter alia, to pay the plaintiff the principal sum of $8,500 and to complete work necessary to resolve the drainage problem by November 30, 2001. The Town subsequently paid the plaintiff the principal sum of $8,500.

In 2003 the Town and the plaintiff's attorneys entered into a second so-ordered stipulation (hereinafter the 2003 stipulation) which, in pertinent part, required the Town to complete drainage repairs by October 1, 2003. In 2005 after the plaintiff moved to hold the Town in contempt of both the 2001 and 2003 stipulations, the Town and the plaintiff's attorneys executed a third stipulation (hereinafter the 2005 stipulation), pursuant to which the Town was required, among other things, to pay the plaintiff a specified sum to construct a recharge basin, and to undertake other enumerated activities to resolve the drainage problem.

When the Town failed to pay the plaintiff pursuant to the terms of the 2005 stipulation, the plaintiff entered a money judgment against the Town (hereinafter the judgment), which it

then attempted to enforce. In January 2006 the Town, now represented by new counsel, moved to vacate the judgment and, in effect, the 2005 stipulation, the 2003 stipulation, and the equitable portion of the 2001 stipulation. The Town contended that because its former attorney had entered into those stipulations without the Town Board's knowledge or approval, they were unenforceable pursuant to Town Law § 68. In a May 2005 order, the Supreme Court vacated the judgment and the 2005 stipulation, but found that the 2001 stipulation was enforceable, inter alia, because the Town had ratified that stipulation through its conduct. The Court made no determinations as to the 2003 stipulation.

The parties appealed, and this Court upheld the Supreme Court's determination that the 2001 stipulation was valid and enforceable and remitted the matter for a hearing and a new determination as to the validity of the 2005 stipulation and the judgment entered thereon (*see JRP Old Riverhead Ltd. v Town of Southampton*, 44 AD3d 905 [2007]). This Court concluded that disputed issues of fact existed as to whether the Town, by its conduct, had ratified or was estopped from denying the validity of the 2003 stipulation, and the extension thereof in the 2005 stipulation, and stated that at the hearing to be held upon remittal, "the validity of the 2003 stipulation and the question of what Town officials knew and when they knew it must be explored to determine issues of ratification and estoppel" (*id.* at 910).

In advance of the hearing, the plaintiff served the Town with a demand for discovery and inspection, and subsequently moved, inter alia, to compel the Town to comply with its discovery demands. The Supreme Court granted those branches of the plaintiff's motion which were to compel the Town to comply with certain of its numbered discovery demands and denied all other branches of the motion. We modify.

"While CPLR 3101 (a) provides for full disclosure of all evidence material and necessary to the prosecution or defense of an action, unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court's broad discretion" (*Blagrove v Cox*, 294 AD2d 526 [2002]; *see Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 460 [2002]). Here, however, the Supreme Court improvidently exercised its discretion in denying those branches of the plaintiff's motion which were to compel the Town to comply with discovery demands numbered 2, 3, 4, 5, 7, 8 and 14. Demands 3, 4, 5 and 14 seek disclosure of material relating to the Town's performance of drainage repairs as contemplated in the 2001, 2003, and 2005

stipulations. Demands 2, 7 and 8 seek documents relating to work performed by "Outside Counsel for the Town related to the [instant] action." Such material may be relevant to determining what Town officials knew and when they knew it, a determination which bears upon the issues of ratification and estoppel in this action (*see JRP Old Riverhead Ltd. v Town of Southampton*, 44 AD3d at 910). Therefore, such material is properly subject to disclosure (*see* CPLR 3101 [a]; *Kaplan v Herbstein*, 175 AD2d 200 [1991]). However, to the extent that certain material produced pursuant to demands 2, 7 and 8 may be exempt from disclosure under the attorney-client or attorney work product privileges, we remit the matter to the Supreme Court, Suffolk County, for an in camera inspection of documents responsive to those demands, and thereafter for a new determination of those branches of the plaintiff's motion which were to compel the defendants to comply with discovery demands numbered 2, 7 and 8 (*see* CPLR 3101 [b], [c]; 4503 [a] [1]; *Leardi v Lutheran Med. Ctr.*, 67 AD3d 651 [2009]; *Matter of Rye Police Assn. v City of Rye*, 34 AD3d 591 [2006]; *Srinivasan v City of New York*, 276 AD2d 786 [2000]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.