EAST HAMPTON UNION FREE SCHOOL DISTRICT, Appellant-Respondent, v SANDPEBBLE BUILDERS, INC., et al., Respondents-Appellants. [935 NYS2d 139]—

In April 2002 the President of the Board of Education of the plaintiff, East Hampton Union Free School District (hereinafter the School District), executed a contract (hereinafter the April 2002 contract), ostensibly on behalf of the School District, providing that the defendant Sandpebble Builders, Inc. (hereinafter Sandpebble), would serve as a construction manager in renovating certain schools. The parties thereafter attempted to negotiate what the plaintiff characterizes as a new contract, and what Sandpebble contends was a revised contract, for construction management services. The negotiations were ultimately unsuccessful, and the plaintiff terminated Sandpebble's services. The School District then commenced this action, seeking,

in the first cause of action, a judgment declaring that the April 2002 contract is void and unenforceable because it was not approved by the Board of Education of the East Hampton Union Free School District (hereinafter the Board) or, alternatively, that the April 2002 contract was properly terminated in accordance with its terms because the renovation project contemplated by the contract was permanently abandoned. The School District further sought, in the second and third causes of action, respectively, to recover damages for breach of the duty of good faith and fair dealing in connection with the parties' negotiations, and for breach of an alleged oral contract purportedly entered into in 2005 for Sandpebble's provision of certain estimating services. The defendants moved for summary judgment in connection with the first cause of action, in effect, declaring that the April 2002 contract is valid and enforceable, and that the April 2002 contract was not properly terminated in accordance with its terms, dismissing the second and third causes of action, and on Sandpebble's first counterclaim, in which it sought damages for breach of the April 2002 contract.

A contract that is not approved by a relevant municipal or governmental body, as required by law, rule, or regulation, may be ratified by the municipality or government body by subsequent conduct, such as by making payments pursuant to the contract (*see JRP Old Riverhead Ltd. v Town of Southampton,* 44 AD3d 905, 909 [2007]; *Della Rocco v City of Schenectady,* 278 AD2d 628, 630-631 [2000]; *Imburgia v City of New Rochelle,* 223 AD2d 44, 48 [1996]). Here, the defendants established their prima facie entitlement to judgment as a matter of law, in effect, declaring that the April 2002 contract is valid and enforceable notwithstanding the alleged absence of Board approval, by demonstrating that the Board ratified the contract by making payments to Sandpebble on the contract (*see JRP Old Riverhead Ltd. v Town of Southampton,* 44 AD3d at 909; *Della Rocco v City of Schenectady,* 278 AD2d at 630-631). Further, the defendants demonstrated that the School District referred to Sandpebble as its construction manager in numerous publications regarding the School District's efforts to renovate the schools. In opposition, the School District failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Accordingly, with respect to that portion of the first cause of action which sought a judgment declaring that the April 2002 contract is void and unenforceable, the defendants are entitled to a judgment declaring that the April 2002 contract is valid and enforceable.

The defendants further demonstrated their prima facie

entitlement to judgment as a matter of law, in effect, declaring that the April 2002 contract was not properly terminated in accordance with a provision therein allowing the School District to terminate the contract upon seven days' written notice to Sandpebble if the School District permanently abandoned the subject project. In support of their motion, the defendants submitted the April 2002 contract, pursuant to which it was hired as construction manager on the project to renovate three particular schools, and which provided that the cost of the project was then unknown (although it was assumed to be $18,000,000). Sandpebble further submitted various documents which demonstrated that it continued to work with the School District on developing the project to renovate the three schools, the character and cost of which changed over time, and bills and purchase orders referable to the contract, showing that it was continually paid for construction management services as the project evolved. This evidence showed, prima facie, that the School District did not abandon, but continued to work on, a project to renovate the three schools, ultimately settling on a project with a cost of $80,000,000.

However, in opposition to the defendants' showing, the School District raised a triable issue of fact as to whether the project contemplated by the April 2002 contract was permanently abandoned in favor of a new and different project. The School District submitted various affidavits in which its officials averred that the project contemplated by the April 2002 contract was a small-scale, $18,000,000 project, that this project was considered abandoned once it decided not to schedule a public referendum for the issuance of a municipal bond offering to fund an $18,000,000 project, and that it instead began contemplating projects of vastly different costs and scopes. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment, in effect, declaring that the April 2002 contract was not properly terminated in accordance with its terms (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d at 562; *see generally TAG 380, LLC v ComMet 380, Inc.*, 10 NY3d 507, 512-513 [2008]). For the same reasons, the Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment on Sandpebble's first counterclaim to recover damages for breach of the April 2002 contract (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d at 562; *see generally TAG 380, LLC v ComMet 380, Inc.*, 10 NY3d at 512-513).

With respect to the third cause of action, the School District

alleged that Sandpebble orally agreed, at its request, to perform certain estimating services related to the purported "$80 Million Project" to renovate the schools. Sandpebble demonstrated its prima facie entitlement to judgment as a matter of law dismissing this cause of action by establishing that it was working on a school renovation project of unknown cost, which was continually evolving, and by submitting an affidavit in which its president, the defendant Victor Canseco, averred that there was no separate estimating services contract, but, rather, that the estimating services were part of Sandpebble's responsibilities under the April 2002 contract. In opposition, however, the School District raised a triable issue of fact as to whether the project contemplated by the April 2002 contract was abandoned in favor of a new $80,000,000 project and, thus, whether Sandpebble separately agreed to perform estimating services in connection with that project. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the third cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d at 562).

The Supreme Court erred, however, in denying that branch of the defendants' motion which was for summary judgment dismissing the second cause of action, which sought to recover damages for breach of the duty of good faith and fair dealing. This cause of action was not predicated upon the April 2002 contract but, rather, the implied covenant of good faith and fair dealing was alleged to have arisen from a purported preliminary agreement reached by the parties during negotiations of an allegedly new contract for construction management services. Although the parties orally agreed to many of the terms of an allegedly new contract, Sandpebble demonstrated, prima facie, that it did not intend, or manifest any intention, to be bound to such a contract. Therefore, no preliminary agreement was formed, from which a duty to negotiate in good faith could arise (*see Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475 [1989], *cert denied* 498 US 816 [1990]; *Rivera v Alaimo*, 54 AD3d 325 [2008]; *Carmon v Soleh Boneh Ltd.*, 206 AD2d 450 [1994]; *cf. SNC, Ltd. v Kamine Eng'g & Mech. Contr. Co.*, 238 AD2d 146 [1997]; *Brown v Cara*, 420 F3d 148, 153 [2005]; *Teachers Ins. & Annuity Assn. of Am. v Tribune Co.*, 670 F Supp 491, 497-498 [1987]; *see generally IDT Corp. v Tyco Group, S.A.R.L.*, 13 NY3d 209, 213 n 2 [2009]). In opposition, the School District, pointing only to the parties' oral negotiations and Sandpebble's acknowledgment that the parties had reached an agreement with respect to most of the terms of an allegedly new contract, failed to raise a triable issue of fact. Ac-

cordingly, that branch of the defendants' motion which was for summary judgment dismissing the second cause of action should have been granted.

The parties' remaining contentions are either without merit or not properly before this Court.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for further proceedings on so much of the first cause of action as sought a judgment declaring that the School District properly terminated the contract in accordance with its terms, the third cause of action, and the counterclaims and, thereafter, for the entry of a judgment, inter alia, declaring that the April 2002 contract is valid and enforceable (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]), and dismissing the second cause of action. Skelos, J.P., Hall, Lott and Roman, JJ., concur. **[Prior Case History: 23 Misc 3d 1104(A), 2009 NY Slip Op 50572(U).]**