■ S.A. DE OBRAS Y SERVICIOS, COPASA, Appellant-Respondent, v THE BANK OF NOVA SCOTIA et al., Respondents-Appellants. COINTER CHILE, S.A., et al., Appellants-Respondents, v THE BANK OF NOVA SCOTIA et al., Respondents-Appellants. [3 NYS3d 589]—Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered June 13, 2014, which,

insofar as appealed from, dismissed plaintiff S.A. de Obras y Servicios, Copasa's (Copasa) complaint in its entirety, dismissed plaintiff Cointer Chile, S.A. and Azvi Chile, S.A. Agencia En Chile's (Cointer) first, second, and eighth causes of action, denied defendants The Bank of Nova Scotia and Scotiabank Global Banking and Markets formerly known as Scotia Capital Inc.'s motion to dismiss Cointer's sixth cause of action and declined to apply a contractual indemnification provision to bar plaintiffs' claims and provide recovery of defendants' attorney's fees, unanimously modified, on the law, to reinstate Copasa's complaint and Cointer's first cause of action, and otherwise affirmed, without costs.

At this stage of the litigation, prior to key depositions being held, it cannot be determined whether any "outrageous acts of folly" were involved (see Hartford Ins. Co. v Holmes Protection Group, 250 AD2d 526, 528 [1st Dept 1998]). Accordingly, the contract-based claims for gross negligence should not have been dismissed.

The motion court properly found that the indemnification provision, on its face, expressly contemplates third-party litigation without clearly implying that the parties intended the provision to apply to intra-party claims (see Wells Fargo Bank N.A. v Webster Bus. Credit Corp., 113 AD3d 513, 516 [1st Dept 2014], lv denied 23 NY3d 902 [2014]).

The court properly declined to dismiss Cointer's sixth cause of action. Issues of fact exist as to whether the parties reached a binding preliminary contract giving rise to a duty to negotiate in good faith, and, if so, whether Scotiabank breached it (see SNC, Ltd. v Kamine Eng'g & Mech. Contr. Co., 238 AD2d 146 [1st Dept 1997]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., DeGrasse, Richter and Feinman, JJ.