■ JADECO CONSTRUCTION CORP., Respondent, v TOWN OF SMITHTOWN, Appellant. [7 NYS3d 585]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated February 10, 2014, which denied its motion for summary judgment dismissing the complaint with leave to renew upon the submission of proper papers after the completion of depositions.

Ordered that the order is affirmed, with costs.

In June 2008, the plaintiff submitted a bid to the defendant Town of Smithtown to perform roadwork, including the removal and replacement of curbs and sidewalks. The approved bid documents stated that the term of the contract was from June 15, 2008, through June 17, 2009, and was extendable by mutual consent pursuant to section 12 of the bid terms and conditions. That section provided that the term of the contract could be extended by mutual consent for a period of up to two additional years. On April 30, 2009, the plaintiff and the Town's Purchasing Director, Joseph Kostecki, agreed to extend the

term of the contract through June 17, 2010. On May 19, 2010, the plaintiff and Kostecki, on behalf of the Town, agreed to extend the term of the contract through June 30, 2011.

A purchase order from the Town dated June 29, 2011, authorized the expenditure of the sum of $988,667.87 for "blanket" sidewalk and curb replacement, and was signed by Kostecki. A work order, dated June 30, 2011, and signed by the Town's Superintendent of Highways, Glenn Jorgensen, authorized the plaintiff to perform concrete curb, apron, and sidewalk repair and installation on three different roadways. On October 12, 2011, the plaintiff submitted invoices totaling $497,212.25 to the Town for work it had allegedly performed. By check dated October 25, 2011, the Town tendered the sum of $55,544.99 to the plaintiff for "blanket sidewalk and curb replacement and repair." In a claim voucher dated November 18, 2011, Jorgensen approved the plaintiff's claim for the remaining unpaid invoices in the amount of $441,936.42.

By letter dated December 14, 2011, the Town's Comptroller informed the plaintiff that the additional amount requested was for work that was performed after the plaintiff's contract with the Town expired and, therefore, that the invoices would not be paid. The plaintiff thereafter commenced this action to recover damages for breach of contract. In a preliminary conference stipulation and order dated April 16, 2013, the Supreme Court directed that Jorgensen and Kostecki were to be deposed beginning on June 11, 2013, with the depositions to be completed on or before July 31, 2013. However, the Town moved for summary judgment before depositions were held. The Supreme Court denied the motion, with leave to renew upon the submission of proper papers after the completion of the depositions.

In support of its motion for summary judgment, the Town failed to submit an affidavit of someone with personal knowledge of the facts surrounding the project, the bid, and the extensions of the term of the contract. In any event, several relevant factual issues can only be properly assessed after depositions are completed. Accordingly, under the circumstances of this case, the Supreme Court properly denied the Town's motion for summary judgment, with leave to renew upon the submission of proper papers after the completion of depositions (*see Buto v Town of Smithtown*, 121 AD3d 829, 830 [2014]; *Castagna v Almaghrabi*, 113 AD3d 804, 806 [2014]; *A&F Fire Protection Co., Inc. v RLW4 Constr., Inc.*, 109 AD3d 772, 773 [2013]; *see also East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 90 AD3d 815, 817 [2011]; *JRP Old*

*Riverhead Ltd. v Town of Southampton*, 44 AD3d 905, 910 [2007]; *City of Zanesville, Ohio v Mohawk Data Sciences Corp.*, 97 AD2d 64, 67 [1983]). Eng, P.J., Dillon, Chambers and Barros, JJ., concur.