ANTHONY PRUDENTI et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants, and SUFFOLK COUNTY SHERIFF'S OFFICE et al., Respondents. [38 NYS3d 238]—

In an action, inter alia, for a judgment declaring that a certain agreement dated September 20, 2011, is valid and enforceable, the defendants County of Suffolk, Steven Bellone, in his official capacity as County Executive of Suffolk County, and the Suffolk County Legislature, the defendant Suffolk County Police Benevolent Association, Inc., and the defendant Suffolk County Superior Officers Association, Inc., separately appeal from (1) an order of the Supreme Court, Suffolk County (Mayer, J.), dated February 27, 2014, which, inter alia, granted that branch of the plaintiffs' motion which was, in effect, for summary judgment declaring that the agreement dated September 20, 2011, is valid and enforceable and, in effect, denied those branches of the separate cross motions of the defendants County of Suffolk, Steven Bellone, in his official capacity as County Executive of Suffolk County, and the Suffolk County Legislature, and the defendant Suffolk County Superior Officers Association, Inc., joined by the defendant Suffolk County Police Benevolent Association, Inc., which were pursuant to CPLR 7503 (b) to permanently stay arbitration, and (2) a judgment of the same court dated July 10, 2014, which, upon the order, is in favor of the plaintiffs and against them, inter alia, declaring that the agreement dated September 20, 2011, is valid and enforceable.

Ordered that the appeals from the order are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs and the defendants Suffolk County Sheriff's Office and Vincent DeMarco, in his official capacity as Sheriff of Suffolk County.

The appeals from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (see CPLR 5501 [a] [1]; Matter of Aho, 39 NY2d at 248).

On September 20, 2011, the former County Executive of the defendant County of Suffolk, Steve Levy, entered into a memorandum of agreement (hereinafter the 2011 MOA) with the plaintiff Suffolk County Deputy Sheriffs Police Benevolent Association (hereinafter the DSPBA) and the defendant Vincent DeMarco, the Suffolk County Sheriff, in which the DSPBA agreed to defer until December 2015 payment of approximately $4 million in retroactive pay increases its members had been awarded by an arbitration panel for the period January 2008 through December 2010 in exchange for the County's promise not to transfer any of the DSPBA members' official duties to other officers through December 2017. The parties also agreed that the DSPBA had the option to arbitrate disputes relating to the interpretation and/or implementation of any provision of the 2011 MOA.

Despite the 2011 MOA, in September 2012, after the defendant Steven Bellone succeeded Levy as County Executive, the County entered into an agreement with the defendant Suffolk County Police Benevolent Association, Inc. (hereinafter the PBA), providing that the County would transfer certain highway patrol and enforcement work previously assigned to DSPBA members to PBA members instead.

Thereafter, the DSPBA filed a demand for arbitration. Subsequently, the DSPBA and its president, Anthony Prudenti (hereinafter together the plaintiffs), commenced this action seeking, inter alia, a preliminary injunction prohibiting the County from transferring the highway-related work to the PBA pending resolution of the arbitration proceeding and a judgment declaring that the 2011 MOA is valid and enforceable. The plaintiffs then moved, inter alia, in effect, for summary judgment declaring that the 2011 MOA is valid and enforceable. The Sheriff supported the plaintiffs' motion. The County, Bellone, and the County Legislature (hereinafter collectively the County) cross-moved pursuant to CPLR 7503 (b) to permanently stay the arbitration proceeding on the ground that no valid agreement to arbitrate was made, contending that the wage deferral provisions of the 2011 MOA were invalid because they called for an additional appropriation of funds

that had not been approved by the County Legislature, and the entire 2011 MOA was invalid as a result. The County also cross-moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The defendant Suffolk County Superior Officers Association, Inc. (hereinafter the SOA), likewise cross-moved pursuant to CPLR 7503 (b) to stay the arbitration on the ground that the entire MOA, including the arbitration clause, was invalid, and pursuant to CPLR 3211 (a) (7) to dismiss the complaint. The PBA joined in those branches of the separate cross motions of the County and the SOA which were to stay the arbitration and cross-moved in its own right pursuant to CPLR 3211 (a) (2) and (7) to dismiss the complaint.

The Supreme Court denied those branches of the defendants' cross motions which were pursuant to CPLR 3211 (a) to dismiss the complaint. Subsequently, in an order dated February 27, 2014, the court, inter alia, granted that branch of the plaintiffs' motion which was, in effect, for summary judgment declaring that the 2011 MOA is valid and enforceable, in effect, denied those branches of the separate cross motions of the County and the SOA, joined by the PBA, which were pursuant to CPLR 7503 (b) to stay the arbitration, and directed the parties to proceed to arbitration. In a judgment dated July 10, 2014, the court, inter alia, declared that the 2011 MOA is valid and enforceable and directed the parties to proceed to arbitration.

Contrary to the contentions of the County, the PBA, and the SOA, the Supreme Court's determination to make a declaration as to the validity of the 2011 MOA was not procedurally improper. Although no party explicitly requested summary judgment, the parties' respective applications and other conduct clearly indicated that they were seeking a summary determination of the issue and laying bare their proof (see CPLR 7502 [a]; 7503; *Hendrickson v Philbor Motors, Inc.*, 102 AD3d 251, 258 [2012]).

On the merits, the Supreme Court properly determined that the 2011 MOA is valid and enforceable as matter of law, regardless of whether the wage deferral provisions required legislative approval pursuant to Civil Service Law § 204-a (1), because the County Legislature had ratified those provisions. A contract that is not approved by the relevant municipal or governmental body as required by law, rule, or regulation may be ratified by the municipality or government body by subsequent conduct (see *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 90 AD3d 815, 817 [2011]; *JRP Old Riverhead Ltd. v Town of Southampton*, 44 AD3d 905, 909 [2007]; *Della Rocco*

*v City of Schenectady*, 278 AD2d 628, 630-631 [2000]; *Imburgia v City of New Rochelle*, 223 AD2d 44, 48 [1996]).

Here, the plaintiffs demonstrated, prima facie, that the County Legislature accepted the benefits of the 2011 MOA and partially performed thereunder with knowledge of its terms in a manner clearly referable to the agreement. In opposition, the County, the SOA, and the PBA failed to raise a triable issue of fact. Accordingly, the Supreme Court properly concluded that the County Legislature had ratified the 2011 MOA (*see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 90 AD3d at 817; *JRP Old Riverhead Ltd. v Town of Southampton*, 44 AD3d at 909; *cf. Elia v Highland Cent. School Dist.*, 78 AD3d 1265, 1269 [2010]). In light of our determination that the County Legislature had ratified the 2011 MOA, we need not reach the plaintiffs' alternative argument that the County is estopped from denying the validity of the 2011 MOA.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.