Giunta v AG Towers, Inc. (2018 NY Slip Op 01905)





Giunta v AG Towers, Inc.


2018 NY Slip Op 01905


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-08581
2016-01168
 (Index No. 10004/12)

[*1]Giovanna Giunta, etc., et al., respondents, et al., plaintiffs, 
v
AG Towers, Inc., et al., appellants, et al., defendants.


Silverman Acampora, LLP, Jericho, NY (Robert J. Ansell and Anthony C. Acampora of counsel), for appellant AG Towers, Inc.
Amato Law Group, PLLC, Garden City, NY (Keith W. Corso of counsel), for appellant New York SMSA Limited Partnership, doing business as Verizon Wireless.
McDonnell Daly, LLP, Lake Success, NY (John McDonnell and Brian Daly of counsel), for respondents.



DECISION & ORDER
In an action for a judgment declaring that a lease entered into between the plaintiff Incorporated Village of Manorhaven and the defendant AG Towers, Inc., expired on March 7, 2013, the defendants New York SMSA Limited Partnership, doing business as Verizon Wireless, and AG Towers, Inc., separately appeal, as limited by their respective briefs, from (1) so much of an order of the Supreme Court, Nassau County (Janowitz, J.), entered July 9, 2015, as denied their separate motions, joined by the defendants T-Mobile Northeast, LLC (sued herein as Omnipoint Communications, Inc.), and MetroPCS New York, LLC, in effect, for summary judgment declaring that the subject lease did not expire on March 7, 2013, and the defendants T-Mobile Northeast, LLC, and MetroPCS New York, LLC, separately appeal from the same order, and (2) so much of an order of the same court entered December 10, 2015, as, upon reargument, adhered to the prior determination.
ORDERED that the appeal by the defendants T-Mobile Northeast, LLC (sued herein as Omnipoint Communications, Inc.), and MetroPCS New York, LLC, is dismissed for failure to perfect the same in accordance with the rules of this Court (see 22 NYCRR 670.8[c], [e]); and it is further,
ORDERED that the appeals by the defendants New York SMSA Limited Partnership, doing business as Verizon Wireless, and AG Towers, Inc., from so much of the order entered July 9, 2015, as denied their separate motions, in effect, for summary judgment declaring that the lease between the plaintiff Incorporated Village of Manorhaven and the defendant AG Towers, Inc., did not expire on March 7, 2013, are dismissed, as that portion of the order was superseded by the order entered December 10, 2015, made upon reargument; and it is further,
ORDERED that the order entered December 10, 2015, is reversed insofar as appealed [*2]from, on the law, upon reargument, the determination in the order entered July 9, 2015, denying the separate motions of the defendants New York SMSA Limited Partnership, doing business as Verizon Wireless, and AG Towers, Inc., in effect, for summary judgment declaring that the lease between the plaintiff Incorporated Village of Manorhaven and the defendant AG Towers, Inc., did not expire on March 7, 2013, is vacated, the motions for summary judgment are granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the subject lease did not expire on March 7, 2013; and it is further,
ORDERED that one bill of costs is awarded to the defendants New York SMSA Limited Partnership, doing business as Verizon Wireless, and AG Towers, Inc.
The plaintiffs commenced this action for a judgment declaring that a lease entered into by the Incorporated Village of Manorhaven and the defendant AG Towers, Inc. (hereinafter AG), dated March 7, 2008, expired on March 7, 2013. The lease provided, inter alia, that the Village would lease property to AG for the construction of a cell phone tower, and that AG would sublease space to federally licensed wireless providers, including the defendants New York SMSA Limited Partnership, doing business as Verizon Wireless (hereinafter Verizon), T-Mobile Northeast, LLC (sued herein as Omnipoint Communications, Inc.), and MetroPCS New York, LLC.
In seeking a declaration that the lease expired on March 7, 2013, the plaintiffs alleged that the Village's Board of Trustees, by resolution dated February 27, 2008, only authorized the lease for a term of five years. Indeed, the resolution provided that "the term of the leases [sic] shall not exceed a period of five (5) years from the date upon which it is executed." The lease, however, provided that the initial term of the lease "will be five (5) years from the Commencement Date'" (i.e., March 7, 2008), "and shall automatically renew for up to ten (10) additional terms of five (5) years each."
Verizon and AG separately moved for summary judgment, arguing that the lease did not expire on March 7, 2013, because the Village ratified the lease by accepting rental payments, issuing building permits, and granting variance applications in connection with the construction of the cell tower. In the first order appealed from, the Supreme Court denied the motions. In the second order appealed from, the court, upon reargument, adhered to its determination denying the motions.
"A contract that is not approved by a relevant municipal or governmental body, as required by law, rule, or regulation, may be ratified by the municipality or government body by subsequent conduct, such as by making payments pursuant to the contract" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d 815, 817, citing JRP Old Riverhead Ltd. v Town of Southampton, 44 AD3d 905, 909; Della Rocco v City of Schenectady, 278 AD2d 628, 630-631; Imburgia v City of New Rochelle, 223 AD2d 44, 48).
Here, Verizon and AG established their prima facie entitlement to judgment as a matter of law by demonstrating that the Village ratified the lease by, among other things, consistently accepting rental payments pursuant to the lease after the initial five-year term of the lease had expired (see JRP Old Riverhead Ltd. v Town of Southampton, 44 AD3d at 909; Della Rocco v City of Schenectady, 278 AD2d at 630-631). In opposition, the Village failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the separate motions of Verizon and AG, in effect, for summary judgment declaring that the subject lease did not expire on March 7, 2013.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the subject lease did not expire on March 7, 2013 (see Lanza v Wagner, 11 NY2d 317, 334).
ROMAN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court