■ DAVID C. WALENTAS, Doing Business as TWO TREES MANAGEMENT CO., Appellant, v NEW YORK CITY DEPARTMENT OF PORTS et al., Respondents.—Order, Supreme Court, New York County (Leonard Cohen, J.), entered May 12, 1989, which denied plaintiff's motion pursuant to CPLR 3212 for summary judgment, and granted defendants' cross motion for the same relief, unanimously affirmed without costs.

Plaintiff commenced this action to enforce a stipulation of settlement entered into with the municipal defendants. As noted by the IAS Part, however, the stipulation was never approved by the City Comptroller, as mandated under the New York City Charter § 394 (c), and is, therefore, invalid. *(Matter of 1555 Boston Rd. Corp. v Finance Adm'r of City of N. Y.,* 61 AD2d 187, 190.) General policy considerations favoring stipulations of settlement *(see, e.g., Hallock v State of New York,* 64 NY2d 224) cannot preclude enforcement of this express legislative requirement. Furthermore, in contracting with a municipality, a party "is chargeable with knowledge of the statutes which regulate its contracting powers and is

bound by them". *(Parsa v State of New York,* 64 NY2d 143, 147.) Thus, it is solely at his peril that such a party presumes that the persons with whom he is dealing are acting within the scope of their authority and, since the extent of that authority is a matter of public record, there is a conclusive presumption that he is aware of it. *(City of Zanesville v Mohawk Data Sciences Corp.,* 97 AD2d 64, 66.)

Nor does plaintiff's estoppel argument, raised for the first time on appeal, afford him relief in this regard, for the State's acceptance of benefits under an unauthorized contract does not estop it from challenging the validity of the contract or denying liability pursuant thereto. *(Parsa v State of New York, supra.)* Concur—Murphy, P. J., Ross, Milonas, Kassal and Wallach, JJ.