■ Norma Davila, Appellant, v Cornelia 1731 Corp., Respondent. [30 NYS3d 826]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Gavrin, J.), entered December 1, 2014, which granted the defendant's motion to vacate a judgment entered January 25, 2011, in favor of the plaintiff and against it in the principal sum of $70,000.

Ordered that the order is affirmed, with costs.

The purpose of CPLR 5003-a is to encourage the prompt payment of damages in settled actions (*see Pitt v New York City Hous. Auth.*, 106 AD3d 797, 797-798 [2013]; *Klee v Americas Best Bottling Co., Inc.*, 76 AD3d 544, 545 [2010]; *Cunha v Shapiro*, 42 AD3d 95, 101 [2007]). To that end, CPLR 5003-a (a), which is applicable to this case, provides that a settling defendant subject to that subdivision shall pay the sums due to the plaintiff under the settlement within 21 days after the plaintiff's tender of a duly executed release and stipulation of discontinuance. In the event that payment is not made within the contemplated time period, "any unpaid plaintiff may enter judgment, without further notice, against such settling defendant who has not paid," for the settlement amount plus interest, costs, and disbursements (CPLR 5003-a [e]; *see Pitt v New York City Hous. Auth.*, 106 AD3d at 797-798; *Klee v Americas Best Bottling Co., Inc.*, 76 AD3d at 545).

Here, a proposed judgment in favor of the plaintiff and

against the defendant in the principal sum of $70,000 was submitted to the County Clerk on January 14, 2011, more than 21 days after the plaintiff tendered the duly executed release and stipulation of discontinuance to the defendant. On January 17, 2011, the defendant paid the settlement amount of $70,000 to the plaintiff by a check which cleared on January 21, 2011. The judgment was entered on January 25, 2011. Since the judgment was entered after the defendant had paid the settlement amount, pursuant to CPLR 5003-a (e), the plaintiff was not entitled to entry of the judgment by the County Clerk. Accordingly, the Supreme Court correctly vacated the judgment, as its entry was based upon the incorrect assertion that the $70,000 settlement payment remained outstanding. Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.