■ Vladimir Azbel et al., Appellants, v County of Nassau et al., Respondents. [53 NYS3d 656]—

In an action to recover damages for personal injuries, etc.,

the plaintiffs appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered January 14, 2016, which denied their motion pursuant to CPLR 5003-a (e) to direct entry of a judgment awarding them interest on the amount of the parties' settlement, plus costs and disbursements.

Ordered that the order is affirmed, with costs.

In July 2011, the plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries against the defendant County of Nassau and its employee, the defendant Cedric McAdoo. In September 2014, the parties entered into a proposed settlement agreement. In January 2015, the Nassau County Legislature authorized the County Attorney to settle the action "provided that a bond ordinance to finance such settlement is adopted by this Legislature and any borrowing pursuant to such bond ordinance is approved by the Nassau County Interim Finance Authority, if such approval is required." The bond ordinance was not approved. Subsequently, in July 2015, the County tendered payment of the full settlement amount from a source other than a bond. In August 2015, the plaintiffs moved pursuant to CPLR 5003-a (e) to direct entry of a judgment awarding them interest on the amount of the parties' settlement, plus costs and disbursements. The plaintiffs contended, among other things, that legislative approval was not a condition of the parties' settlement agreement, and therefore, the County had failed to promptly pay the settlement amount in accordance with CPLR 5003-a. In the order appealed from, the Supreme Court denied the plaintiffs' motion. We affirm.

"The purpose of CPLR 5003-a is to encourage the prompt payment of damages in settled actions" (*Davila v Cornelia 1731 Corp.*, 139 AD3d 999, 999 [2016]; *see Pitt v New York City Hous. Auth.*, 106 AD3d 797, 797-798 [2013]). As relevant here, CPLR 5003-a (b) provides that "[w]hen an action to recover damages has been settled and the settling defendant is a municipality or any subdivision thereof, or any public corporation that is not indemnified by the state, it shall pay all sums due to any settling plaintiff within ninety days of tender, by the settling plaintiff to it, of duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff." If payment is not made within the contemplated time period, "any unpaid plaintiff may enter judgment, without further notice, against such settling defendant who has not paid," for the settlement amount plus interest, costs, and disbursements (CPLR 5003-a [e]; *see Pitt v New York City Hous. Auth.*, 106 AD3d at 798; *Klee v Americas Best Bottling Co., Inc.*, 76 AD3d 544, 545 [2010]).

Here, the Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 5003-a (e) to direct entry of a judgment awarding them interest on the amount of the parties' settlement, plus costs and disbursements. Contrary to the plaintiffs' contention, legislative approval was a condition of the proposed settlement entered into between the plaintiffs and the County. The Nassau County Administrative Code provides that the County Attorney shall not be empowered to settle any rights, claims, demands, or causes of action against the County unless authorized by the County Legislature (*see* Nassau County Administrative Code § 11-3.0 [b]). "[A] party that contracts with the State or one of its political subdivisions is chargeable with knowledge of the statutes which regulate its contracting powers and is bound by them" (*Hartford Ins. Group v Town of N. Hempstead*, 118 AD2d 542, 543 [1986] [internal quotation marks omitted]; *see Walentas v New York City Dept. of Ports*, 167 AD2d 211, 211-212 [1990]; *see also JRP Old Riverhead Ltd. v Town of Southampton*, 44 AD3d 905, 909 [2007]). Inasmuch as the County Legislature did not approve the bond ordinance, a condition of the parties' settlement was not met. Therefore, the matter was not finally settled and the 90-day period within which the County would have been required to make payment of the settlement amount was not triggered (*cf. Pitt v New York City Hous. Auth.*, 106 AD3d at 798).

The parties' remaining contentions are without merit. Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.