3 Del. Group LLC v Broome County (2018 NY Slip Op 08394)





3 Del. Group LLC v Broome County


2018 NY Slip Op 08394


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

525918

[*1]3 DELAWARE GROUP LLC et al., Appellants,
v
BROOME COUNTY et al., Respondents.

Calendar Date: October 16, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Aswad & Ingraham, LLP, Binghamton (Mary E. Saitta of counsel), for appellants.
Robert G. Behnke, County Attorney, Binghamton, for respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Lebous, J.), entered October 24, 2017 in Broome County, which denied plaintiffs' motion for a preliminary injunction and granted defendants' cross motion for summary judgment dismissing the complaint.
Plaintiff 3 Delaware Group LLC is the former owner of real property located in the Town of Union, Broome County. Plaintiff Shmyer Breuer is a member of the LLC. Following nonpayment of more than $100,000 in real property taxes over a three-year period, the property was the subject of a tax foreclosure proceeding commenced in 2015. Plaintiffs failed to serve an answer or otherwise appear in the proceeding and, in April 2017, a judgment of foreclosure was entered in favor of defendant Broome County. Prior to entry of the judgment, plaintiffs, through counsel, contacted County officials seeking to redeem and repurchase the property. Following communications between plaintiffs' counsel and Robert Behnke, the Broome County Attorney, regarding redemption of the property, the County ultimately determined that it would not approve a sell-back to plaintiffs. Plaintiffs then commenced this action in August 2017 seeking to vacate the judgment of foreclosure and for an award of damages for breach of contract and unjust enrichment. Plaintiffs also moved for a preliminary injunction to enjoin defendants from conveying, transferring, selling, pledging, assigning or otherwise disposing of the property. After joining issue, defendants cross-moved for summary judgment dismissing the complaint. Supreme Court rendered an oral decision from the bench, which was later memorialized in a written order, denying plaintiffs' motion and granting defendants' cross motion. This appeal by plaintiffs ensued.
Supreme Court correctly concluded that plaintiffs' first cause of action, which seeks vacatur of the default judgment of foreclosure, is time-barred. It is settled that a request for such relief, whether brought by way of a motion in the underlying tax foreclosure proceeding or in a separate action, is subject to the timing requirements of RPTL 1131 (see Goodfriend v Village of Jeffersonville, 122 AD3d 1184, 1185 [2014], lv denied 25 NY3d 901 [2015]; Matter of County of Sullivan [Matejkowski], 105 AD3d 1170, 1172 [2013], appeal dismissed 21 NY3d 1062 [2013]). Plaintiffs failed to seek vacatur of the default judgment of foreclosure within one month of the entry of the judgment, as required by RPTL 1131, and "the statute of limitations set forth in RPTL [*2]1131 applies even where, as here, the property owner asserts that he or she was not notified of the foreclosure proceeding" (Matter of County of Sullivan [Dunne—Town of Bethel], 111 AD3d 1232, 1234 [2013] [internal quotation marks and citation omitted]; see Matter of County of Clinton [Bouchard], 29 AD3d 79, 82 [2006]). Even if a timely application had been made, plaintiffs' contention that the County failed to comply with the notice provisions of RPTL 1125 and that they were deprived of their property without due process, is unfounded (see Matter of County of Sullivan [Dunne—Town of Bethel], 111 AD3d at 1234-1235; Matter of County of Sullivan [Matejkowski], 105 AD3d at 1172; Matter of County of Sullivan [Spring Lake Retreat Ctr., Inc.], 39 AD3d 1095, 1095-1096 [2007]).
Plaintiffs' challenges to the propriety of the tax foreclosure proceeding having failed, Supreme Court also properly dismissed their claim for unjust enrichment (see RPTL 1122 [6]; Sendel v Diskin, 277 AD2d 757, 761 [2000], lv denied 96 NY2d 707 [2001]; Key Bank of Cent. N.Y. v County of Broome, 116 AD2d 90, 92 [1986]). We reach a similar conclusion with respect to plaintiffs' remaining cause of action for breach of contract. The statute of frauds provides, insofar as is relevant here, that a contract for the sale of real property "is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged" (General Obligations Law § 5-703 [2]). In asserting the existence of a contract to reconvey the property, plaintiffs rely solely upon an email from Behnke that merely sets forth the amount of delinquent taxes owed, along with a sell-back fee. This email falls far short of satisfying the statute of frauds, as it fails to "unequivocally set[] forth 'all the essential elements of a contractual relationship . . . such as [the] price, terms [and] parties'" to the transaction (Calcagno v Roberts, 134 AD3d 1292, 1293 [2015], quoting Bordeau v Oakley, 185 AD2d 417, 418 [1992]; see Post Hill, LLC v E. Tetz & Sons, Inc., 122 AD3d 1126, 1127 [2014]; Regan v Real Source Charities, Inc., 45 AD3d 1156, 1157 [2007]). In any event, and perhaps more importantly, RPTL 1166 (2) provides that any conveyance or sale of real property acquired by a municipality by virtue of a foreclosure proceeding must be approved and confirmed by a majority vote of the municipality's governing body, unless the property is sold at public auction. It is undisputed that no such approval has been given by the County's governing body. Behnke therefore had no authority to bind the County given this statutory prerequisite for sale, and no evidence was presented that he engaged in any misleading conduct that could imbue him with apparent authority to do so (see Hallock v State of New York, 64 NY2d 224, 231 [1984]). Indeed, "a party that contracts with the [s]tate or one of its political subdivisions is chargeable with knowledge of the statutes which regulate its contracting powers and is bound by them" (Hartford Ins. Group v Town of N. Hempstead, 118 AD2d 542, 543 [1986] [internal quotation marks and citation omitted]; accord Azbel v County of Nassau, 149 AD3d 1020, 1022 [2017], lv dismissed 30 NY3d 1045 [2018]; see Walentas v New York City Dept. of Ports, 167 AD2d 211, 211-212 [1990], lv denied 78 NY2d 857 [1991]). For these reasons, dismissal of plaintiffs' breach of contract claim was warranted.
Having concluded that defendants were entitled to summary judgment dismissing each of the three causes of action set forth in the complaint, it necessarily follows that plaintiffs' motion for a preliminary injunction was properly denied (see generally CPLR 6301; Biles v Whisher, 160 AD3d 1159, 1160 [2018]). Plaintiffs' remaining contentions, to the extent not specifically addressed herein, have been reviewed and found to be lacking in merit.
Garry, P.J., Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.