Rivera v Skeen (2020 NY Slip Op 01100)





Rivera v Skeen


2020 NY Slip Op 01100


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-08678
 (Index No. 28528/07)

[*1]Victor Rivera, plaintiff, 
v
Joann Skeen, et al., defendants; Jesenia Rivera, etc., nonparty-appellant.


Mallilo & Grossman, Flushing, NY (Francesco Pomara, Jr., and Ann Jenn of counsel), for nonparty-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Jesenia Rivera, as administrator of the estate of Victor Rivera, deceased, appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered May 8, 2018. The order denied her unopposed motion pursuant to CPLR 1015 for leave to substitute herself as the party plaintiff in place of Victor Rivera in this action and to amend the caption accordingly.
ORDERED that on the Court's own motion, the notice of appeal dated May 29, 2018, is deemed to be a notice of appeal by nonparty Jesenia Rivera, as administrator of the estate of Victor Rivera, deceased (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605); and it is further,
ORDERED that the order is reversed, on the law, without costs or disbursements, and the motion of nonparty Jesenia Rivera, as administrator of the estate of Victor Rivera, deceased, pursuant to CPLR 1015 for leave to substitute herself as the party plaintiff in place of Victor Rivera in this action and to amend the caption accordingly is granted.
The plaintiff, Victor Rivera (hereinafter Victor), allegedly sustained injures when he slipped and fell on a sidewalk abutting premises owned by the defendant Joann Skeen (hereinafter the defendant), and subsequently commenced this action against the defendant, among others. In March 2015, Victor and the defendant settled the action for $90,000. In January 2016, Victor died. Thereafter, Jesenia Rivera, as administrator of Victor's estate (hereinafter Jesenia), moved pursuant to CPLR 1015 for leave to substitute herself as the party plaintiff and to amend the caption accordingly. Jesenia contended that substitution was necessary in order to pursue the entry of a judgment because the defendant had failed to pay the sum due under the settlement agreement. The Supreme Court denied the unopposed motion on the ground that the action was no longer pending.
Contrary to the Supreme Court's determination, the settlement of the action did not preclude the granting of a motion for substitution (see CPLR 1015[a]; 1021; see generally Teitelbaum Holdings v Gold, 48 NY2d 51, 55). "The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a)" (Vapnersh v Tabak, 131 AD3d 472, 473 [internal quotation marks omitted]; see Medlock v Dr. William O. Benenson Rehabilitation Pavilion, 167 AD3d 994, 995; Stancu v Cheon Hyang Oh, 74 AD3d 1322, 1322-1323). Without substitution as a party plaintiff, Jesenia may not seek relief [*2]pursuant to CPLR 5003-a. CPLR 5003-a provides that if a settling defendant fails to pay the sum due under a settlement agreement within 21 days of tender of a duly executed release and a stipulation discontinuing the action, the settling plaintiff may, without further notice, pursue the entry of a judgment in the amount of the settlement, plus interest, costs, and disbursements (see CPLR 5003-a[a], [e]; Kumar v Demasi, 170 AD3d 986, 988; Azbel v County of Nassau, 149 AD3d 1020, 1021; Davila v Cornelia 1731 Corp., 139 AD3d 999, 999; Pitt v New York City Hous. Auth., 106 AD3d 797, 797-798; Klee v Americas Best Bottling Co., Inc., 76 AD3d 544, 545). Accordingly, the court should have granted Jesenia's unopposed motion for leave to substitute herself as the party plaintiff in place of Victor Rivera and to amend the caption accordingly.
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court