Levine v American Multi-Cinema, Inc. (2022 NY Slip Op 05207)

Levine v American Multi-Cinema, Inc.

2022 NY Slip Op 05207

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2020-00395
 (Index No. 606729/17)

[*1]Lucille Levine, appellant, 
v
American Multi-Cinema, Inc., respondent.

John H. Mulvehill, Saint James, NY, for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated December 13, 2019. The order, insofar as appealed from, granted those branches of the defendant's cross motion which were to vacate a clerk's judgment dated August 21, 2019, in favor of the plaintiff and against the defendant in the total sum of $26,954.75, and in effect, to compel the plaintiff to accept the defendant's tender of a settlement amount in the total sum of only $23,283.82.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendant's cross motion which were to vacate a clerk's judgment dated August 21, 2019, in favor of the plaintiff and against the defendant in the total sum of $26,954.75, and in effect, to compel the plaintiff to accept the defendant's tender of a settlement amount in the total sum of only $23,283.82, are denied, and the clerk's judgment dated August 21, 2019, in favor of the plaintiff and against the defendant in the total sum of $26,954.75, is reinstated.
In 2017, the plaintiff commenced this action to recover damages for injuries she allegedly sustained following a trip and fall on premises owned by the defendant, American Multi-Cinema, Inc. (hereinafter AMC). Following joinder of issue, the parties settled the matter on May 1, 2019, during a court conference, in the presence of a Supreme Court law clerk, for the amount of $25,000.
On May 13, 2019, the plaintiff's attorney forwarded to AMC's counsel an executed release and stipulation of discontinuance. On or about May 15, 2019, AMC's counsel informed the Supreme Court that the parties had resolved the matter and a stipulation of discontinuance would be filed shortly thereafter. On May 16, 2019, however, AMC's counsel informed the plaintiff's attorney that AMC required its own release, and forwarded a copy of a "Release and Confidentiality Agreement" (hereinafter the general release). Paragraph 5 of the general release provided that the plaintiff was responsible for the payment of any liens, medical or otherwise, and that the plaintiff would defend and indemnify AMC from any claims for the recovery of any lien. On May 21, 2019, the court issued an order conditionally disposing of the action upon the filing of the stipulation of discontinuance, and denied, as academic, all pending motions. On or about June 17, 2019, the plaintiff's attorney mailed to AMC's counsel the general release executed by the plaintiff, along with a copy of the previously forwarded stipulation of discontinuance and, citing CPLR 5003-a, requested that AMC forward a settlement check in the amount of $25,000 within 21 days. This mailing was received by AMC's counsel on June 21, 2019.
On July 17, 2019, AMC's counsel informed the plaintiff's attorney that AMC would not disburse the settlement proceeds until a Medicare lien had been paid and a lien payoff letter was issued. On or about July 22, 2019, AMC's insurance carrier paid the plaintiff's Medicare lien in the amount of $1,716.18.
The plaintiff subsequently moved, inter alia, for leave to enter a judgment with interest pursuant to CPLR 5003-a. AMC opposed the motion. While the plaintiff's motion was pending, a clerk's judgment was entered on August 21, 2019, in favor of the plaintiff and against AMC in the principal sum of $25,000, plus costs, disbursements, and interest, for a total sum of $26,954.75.
On September 10, 2019, AMC tendered a check to the plaintiff in the amount of $23,283.82, "representing full and final settlement of the referenced claim." The plaintiff's attorney rejected the tender and returned the check. AMC then cross-moved to vacate the clerk's judgment and, in effect, to compel the plaintiff to accept the tendered amount of only $23,283.82.
In an order dated December 13, 2019, the Supreme Court, among other things, (1) denied the plaintiff's motion as academic in light of the subsequent entry of the clerk's judgment, and (2) granted those branches of AMC's cross motion which were to vacate the clerk's judgment and, in effect, to compel the plaintiff to accept the tendered amount of only $23,283.82. The plaintiff appeals from so much of the order as granted those branches of AMC's cross motion. We reverse the order insofar as appealed from.
The purpose of CPLR 5003-a, enacted in 1992, is to encourage the prompt payment of damages in settled actions (see Kumar v Demasi, 170 AD3d 986, 988; Azbel v County of Nassau, 149 AD3d 1020, 1021; Davila v Cornelia 1731 Corp., 139 AD3d 999, 999; Pitt v New York City Hous. Auth., 106 AD3d 797, 797-798). To this end, the statute requires any settling defendant, subject to certain exceptions not applicable here (see CPLR 5003-a[b], [c], [d]), to pay all sums due to any settling plaintiff "within twenty-one days of tender, by the settling plaintiff to the settling defendant, of a duly executed release and a stipulation discontinuing [the] action executed on behalf of the settling plaintiff" (id. § 5003-a[a]). Where a release and stipulation of discontinuance are tendered by mail, the 21-day period is measured from receipt of those documents (see Klee v Americas Best Bottling Co., Inc., 76 AD3d 544, 544-545; Cunha v Shapiro, 42 AD3d 95, 101). If the settling defendant fails to pay all sums due to the settling plaintiff within 21 days after the tender of the required documents, the statute authorizes the plaintiff to enter, without further notice, a "judgment . . . for the amount set forth in the release, together with costs and lawful disbursements, and interest" (CPLR 5003-a[e]).
Here, the plaintiff fulfilled her obligations under CPLR 5003-a by tendering a duly executed general release and stipulation of discontinuance to AMC's counsel. "Neither CPLR 5003-a, nor the parties' [general release and stipulation of discontinuance], imposed any additional requirement on the plaintiff or [her] attorney" (Klee v Americas Best Bottling Co., Inc., 76 AD3d at 546; see Tencza v St. Elizabeth Med. Ctr., 87 AD3d 1375, 1376). Contrary to AMC's contention, paragraph 5 of the general release did not obligate the plaintiff to provide it with information relating to her Medicare status (cf. 42 USC § 1395y[b][8]), or with a Medicare payoff letter, as a condition precedent to payment (see Kumar v Demasi, 170 AD3d at 989-990; cf. Azbel v County of Nassau, 149 AD3d at 1022). Accordingly, the Supreme Court erred in granting those branches of AMC's cross motion which were to vacate the clerk's judgment and, in effect, to compel the plaintiff to accept the tendered amount of only $23,283.82 as a full and final settlement of the plaintiff's claim.
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court