J. D. T. v Chaimowitz (2023 NY Slip Op 03940)

J. D. T. v Chaimowitz

2023 NY Slip Op 03940

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-04184
 (Index No. 600934/16)

[*1]J. D. T., etc., et al., appellants-respondents,
v
Linda Chaimowitz, et al., defendants, J. Anthony Enterprises, Inc., respondent-appellant.

Zimmerman Law, P.C., Huntington Station, NY (Michael Zimmerman and David S. Dender of counsel), for appellants-respondents.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, NY (John P. Cookson and Madeleine Von Savage of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendant J. Anthony Enterprises, Inc., cross-appeals, from an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), entered March 11, 2020. The order, insofar as appealed from, denied the plaintiffs' motion pursuant to CPLR 5003-a to direct the entry of a judgment awarding them interest on the total amount of certain settlement payments made by the defendant J. Anthony Enterprises, Inc., plus statutory costs and disbursements. The order, insofar as cross-appealed from, denied the cross-motion of the defendant J. Anthony Enterprises, Inc., pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and/or an award of attorneys' fees and costs against the plaintiffs' attorneys.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In November 2014, the infant plaintiff was injured when he was struck by a motor vehicle. Thereafter, the infant plaintiff, by his father and natural guardian, and his father, individually, commenced this action. In October 2018, the parties reached a global settlement, whereby the plaintiffs agreed to accept the sum of $5 million for a complete settlement of all claims by the plaintiffs against the defendants in this action and in a related claim pending in the Court of Claims. A rider to the settlement agreement specified, inter alia, that the defendant J. Anthony Enterprises, Inc. (hereinafter J. Anthony), would pay $4,175,000 of the total settlement amount.
On June 4, 2019, the Supreme Court signed an infant's compromise order, which, inter alia, directed the payment of $1,407,382.36 to the plaintiffs' attorneys in full settlement of the attorneys' claim for attorneys' fees, and directed the payment of $750,000 to the father. The infant's compromise order also directed that in connection with the portion of the global settlement payable by J. Anthony, there would be two separate releases: one release by the infant plaintiff, and a second release by the father. On June 4, 2019, the plaintiffs executed the two releases and, according to counsel for the plaintiffs, emailed copies of those two duly executed releases to, among others, counsel for J. Anthony. On June 28, 2019, the plaintiffs mailed the duly executed releases to counsel [*2]for J. Anthony. A receipt from the United States Postal Service submitted by the plaintiffs indicates that the mailing was done via priority mail, and that delivery of the duly executed releases occurred on July 1, 2019.
On August 16, 2019, J. Anthony remitted the sum of $1,382,382.36 to counsel for the plaintiffs in satisfaction of a portion of the award of attorneys' fees as listed in the infant's compromise order. This payment was not received until August 20, 2019. Likewise, on August, 21, 2019, J. Anthony remitted the sum of $750,000 to the plaintiffs' attorneys in satisfaction of the amount listed in the infant's compromise order as for the father. This payment was not received until August 22, 2019.
Thereafter, the plaintiffs moved pursuant to CPLR 5003-a to direct the entry of a judgment awarding them interest in the sum of $35,587.54 on the total amount of the two settlement payments made by J. Anthony, plus statutory costs and disbursements. They alleged that J. Anthony had failed to pay sums due to the plaintiffs within 21 days of the tender of the duly executed releases as required by CPLR 5003-a(a). J. Anthony opposed the motion, and cross-moved pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and/or an award of attorneys' fees and costs against the plaintiffs' attorneys. The Supreme Court denied the motion and the cross-motion. The plaintiffs appeal, and J. Anthony cross-appeals.
The Supreme Court properly denied the plaintiffs' motion. Under CPLR 5003-a(a), "[w]hen an action to recover damages has been settled, any settling defendant . . . shall pay all sums due to any settling plaintiff within twenty-one days of tender, by the settling plaintiff to the settling defendant, of a duly executed release and a stipulation discontinuing the action . . . on behalf of the settling plaintiff." Where a settling defendant fails to pay all sums as required under CPLR 5003-a(a), "any unpaid plaintiff may enter judgment, without further notice, against such settling defendant who has not paid" (id. § 5003-a[e]; see Cunha v Shapiro, 42 AD3d 95, 101). Such judgment shall include "interest on the amount set forth in the release from the date that the release and stipulation discontinuing action were tendered" (CPLR 5003-a[e]). "[T]ender . . . shall mean either to personally deliver or to mail, by registered or certified mail, return receipt requested" (id. § 5003-a[g]; see Cunha v Shapiro, 42 AD3d at 101). "Where mailing is utilized, 'tender' is defined as occurring upon the defendant's actual receipt of the general release and stipulation of discontinuance, and not on the date of mailing" (Cunha v Shapiro, 42 AD3d at 101 n 3; see Levine v American Multi-Cinema, Inc., 208 AD3d 1230, 1232).
Here, the plaintiffs contend that the duly executed releases were delivered to counsel for J. Anthony by email on June 4, 2019, and mailed to counsel for J. Anthony by priority mail on June 28, 2019. However, the plaintiffs failed to submit any proof demonstrating that they either personally delivered the duly executed releases to counsel for J. Anthony, or that they mailed the duly executed releases to counsel for J. Anthony by registered or certified mail, return receipt requested, as required by CPLR 5003-a(g) (see Cunha v Shapiro, 42 AD3d at 101; Nationwide Affinity Ins. Co. of Am. v Ramales, 68 Misc 3d 1214[A], 2020 NY Slip Op 50931[U] [Civ Ct, Queens County]). Although the plaintiffs submitted a receipt from the United States Postal Service that stated that delivery occurred on July 1, 2019, there is no return receipt in the record. Since the plaintiffs failed to establish under CPLR 5003-a that they tendered the duly executed releases to counsel for J. Anthony, the Supreme Court properly denied their motion pursuant to CPLR 5003-a to direct the entry of a judgment awarding them interest on the total amount of the two settlement payments made by J. Anthony, plus statutory costs and disbursements.
The Supreme Court providently exercised its discretion in denying J. Anthony's cross-motion pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and/or an award of attorneys' fees and costs against the plaintiffs' attorneys. Although "[a] court, in its discretion, may award a party costs in the form of reimbursement for actual expenses incurred and reasonable attorney's fees where an opposing party has engaged in frivolous conduct" (Madigan v Berkeley Capital, LLC, 205 AD3d 900, 907; see 22 NYCRR 130-1.1[a]), here, the plaintiffs' actions were neither the subject of well-established decisional law, "nor undertaken primarily to harass or maliciously injure" (Yinuo Yin v Xiao Feng Qiao, 203 AD3d 996, 998). For the same reasons, we [*3]decline to exercise our discretion to impose sanctions or to award costs against the plaintiffs on the ground that this appeal is frivolous within the meaning of 22 NYCRR 130-1.1.
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court